## WALKER *v.* ELDRIDGE.

4-9608                                                   240 S. W. 2d 43

Per Curiam Order of June 5, 1951.

*Robert J. Brown,* for appellant.

*O. W. Pete Wiggins,* for appellee.

PER CURIAM. Appellant and appellee were divorced in 1944. Custody of two minor children was given to the mother. A daughter, Sharon Carle Eldridge, is in her ninth year and was the subject of an action brought by the father, resulting in an order of May 23, 1951, transferring custody from the mother "during the summer vacation months." The mother was given the right to visit the child from nine o'clock until 5 each Saturday. The Chancellor stated that he would determine, "by (his) own investigation of the surroundings, where said child should be." Believing this to be a temporary order, the Court denied the right of appeal. This was error. A decree awarding or changing the custody of children is final, from which an appeal may be taken. *Gregory* v. *Jackson,* 212 Ark. 363, 205 S. W. 2d 471. See, also, *Sager*

v. *Hibbard*, 203 Ark. 672, 158 S. W. 2d 922; *Blake* v. *Smith*, 209 Ark. 304, 190 S. W. 2d 455.

The petitioner's prayer for *certiorari* will be treated as an application for appeal. The respondent is directed to deposit with the Clerk of the Chancery Court sufficient money to pay court costs, including a transcript of the record, and to make an initial payment of $50 to apply on the petitioner's attorney's fee. The Clerk of this Court will issue *certiorari* to bring up the appeal record.

MILLWEE and ROBINSON, JJ., not participating.