Wood *v.* Wood.

5-876                                    287 S. W. 2d 902

Opinion delivered March 12, 1956.

*Thorp Thomas,* for appellant.

*Harry C. Robinson,* for appellee.

Ed. F. McFaddin, Associate Justice.   This appeal stems from a child custody case between the parents of a little 6-year old boy.   In January, 1954, the Pulaski Chancery Court awarded Mrs. Wood (present appellant) a divorce; the custody of her son, Don Randall Wood, then four years of age; and support money for him of $75.00 per month.   The decree expressly gave Mr. Wood (present appellee) the right of visitation.   On April 27, 1955, Mr. Wood filed petition to obtain custody of his son, and alleged a change in conditions.   The Chancery Court heard appellee's petition on July 15, 1955; and made a temporary order directing Mrs. Wood to return the child to the jurisdiction of the Pulaski Chancery Court and to the temporary custody of Mr. Wood until the future custody could be determined.   From that temporary order of July 15, 1955, Mrs. Wood brings this appeal.

I. *Appealability*. We hold that the order for temporary custody is appealable.[1] In *Walker* v. *Eldridge,* 219 Ark. 35, 240 S. W. 2d 43, we held that any decree awarding or changing the custody of a child is sufficiently final to permit an appeal. So, even though the order in this case was expressly stated to be temporary, nevertheless it was appealable.

11. *Notice Of Hearing.* Mrs. Wood claims that she did not receive due and timely notice of the hearing of July 15th and, therefore, she asks that the **order for** temporary custody be reversed. The record reflects that Mr. Wood filed his petition on April 27th; that, without permission of the Pulaski Chancery Court, Mrs. Wood took the boy to Missouri, where she still had him; that a letter was sent to Mrs. Wood on July 6th, advising her of a hearing to be held on July 12th; that Mrs. Wood's attorney was notified on July 7th that a hearing would be held on July 12th; that on July 12th Mrs. Wood's attorney appeared for her in the Pulaski Chancery Court and questioned the sufficiency of the notice of hearing and *also asked for a continuance*[2]; and that the Court continued the hearing from July 12th to July 15th, and heard the matter on the last mentioned date.

We have repeatedly held that a request for continuance is an entry of appearance. *Sager* v. *Jung & Sons Co.,* 143 Ark. 506, 220 S. W. 801; *J. C. Engleman, Inc.* v. *Briscoe,* 172 Ark. 1088, 291 S. W. 795; *Chapman & Dewey Lumber Co.* v. *Bryan,* 183 Ark. 119, 35 S. W. 2d 80; and *Auto Sales Co.* v. *Mays,* 191 Ark. 884, 88 S. W. 2d 330. Here, the request for continuance by Mrs. Wood's attorney entered her appearance, and it was certainly proper

[1] The decree from whence comes this appeal reads in part: "It is Therefore Considered, ordered and decreed that custody of Don Randall Wood, the minor child of the parties hereto, is hereby temporarily given to his father, James D. Wood, that the award heretofore given by this Court for the care and maintenance of said child is hereby set aside; that the plaintiff, Elizabeth V. Wood, is hereby ordered and directed to return the person of the said Don Randall Wood to the jurisdiction of this Court within fifteen days after receiving a true copy of this order."

[2] The prayer of the pleading filed by Mrs. Wood's attorney prayed that the ". . . petition be dismissed because of lack of notice, and, in the alternative, there shall be allowed a continuance of sixty days in which to prepare a defense of this action."

for the Court to direct her to return the child in accordance with the temporary order here made. Mrs. Wood was before the Court by her attorney because of the motion for continuance. Her claim, that she did not have sufficient time to prepare her defense, need not be considered because the only order the Court made on July 15th was a temporary order.[3]

III. *Other Questions.* Since the main purpose of the order here involved was to obtain return of the child to the jurisdiction of the Court, after which there would be a hearing on the matter of future custody, we see no need to mention the other matters discussed in the briefs. The question of who shall have the future custody of the child is still for determination by the Chancery Court.

Affirmed.

Mr. Justice ROBINSON not participating.

---

[3] It was shown that Mrs. Wood's aunt and uncle agreed with Mr. Wood and the Court that they would keep the little boy until the custody matter was fully heard. It was shown that the boy had been with this uncle and aunt most of the time since the divorce decree; and Mr. Wood's attorney asked these questions of the uncle:

"Q. (Mr. Robinson continuing): If the Court in his wisdom should see fit to award custody, temporary custody of this child, to you until the matter can be completely litigated, do you feel you can furnish it a Christian home and put the child in school and attend to it for the best interests of the child?

"A. I would.

"Q. Would you like to do that?

"A. Yes."