Rosemary CHANCELLOR
*v.* Larry Lindell CHANCELLOR

84-63                                   667 S.W.2d 950

Supreme Court of Arkansas
Opinion delivered April 16, 1984

*John F. Arens* and *John L. Barnes,* for appellant.

*W. Q. Hall,* for appellee.

JOHN I. PURTLE, Justice. The chancellor removed custody of a young boy from his mother on the ground that the mother was living with a man to whom she was not married. This case was certified to us from the Court of Appeals for the reason that it involves an issue of significant public importance and perhaps an interpretation of a part of the Arkansas Constitution. The appellant contends that the trial court erred in changing custody of the child without requiring a showing that the mother was unfit and that the mother was deprived of due process of law. We do not reach either point because we find the order was not appealable.

The parties to this action were divorced on February 12, 1979, at which time the court found it fit and proper that the mother receive custody of the two children, Tracy, age 12 and Jonathan, age three. Subsequently the mother moved to Florida. Tracy was allowed to live with her father and attend school in Arkansas. In the summer of 1983, Jonathan was allowed to come to Arkansas to visit with his father and other friends and relatives. Upon learning that the mother was living in a three bedroom home with an unmarried man, the father refused to send his son back to the mother as agreed. The children were then ages 16 and seven. The custody of Tracy is not in dispute.

On August 1, 1983, the appellee filed a petition to modify the 1979 decree and grant a change of custody. On the same day the chancellor entered a temporary order granting custody of the children to the father on the grounds that it was in the best interest of the children. Appellant filed a response to the petition to modify the decree in which she denied all material allegations for a change of custody and denied she was living in adultery with a man to whom she was not married. On August 30, 1983, a hearing was held upon the question of change of custody. Testimony

presented revealed that the father of the children had been married and divorced twice since the divorce from the appellant and that he worked on an offshore drilling rig which necessitated his being home two weeks and on the rig two weeks. During his absence the children were cared for by his parents. When the appellant admitted she lived in a home with an unmarried man, the court refused to hear her further. Her testimony was proffered but the court refused to grant her relief solely because she continued to live unmarried with another man. The court entered an order finding that the better home situation was with the father and custody was granted to him with reasonable visitation rights reserved to the mother. The order appointed a guardian ad litem for the children and ordered Arkansas Social Services to cause home studies to be made of the respective homes and for reports to be furnished the court. The court retained jurisdiction for the purpose of visitation, custody, other matters concerning the children, and further orders of the court.

We first discuss the matter of whether the order is appealable. We have many times held to the effect that to be appealable an order, decree or judgment must dismiss the parties from the court, discharge them from the action or conclude their rights to the subject matter in controversy. *McIlroy Bank & Trust v. Zuber*, 275 Ark. 345, 629 S.W.2d 304 (1982). Rule 2 (a), Ark. R. App. P., defines appealable orders. We do not overlook cases like *Wood v. Wood*, 226 Ark. 52, 287 S.W.2d 902 (1956), where we held that an order for temporary custody was appealable, even though the order was expressly stated to be temporary. In that case, the child had been removed from the court's jurisdiction and it appears that a change of custody was ordered in the custodial parent's absence. However we also said, in *Walker v. Eldridge*, 219 Ark. 594, 243 S.W.2d 638 (1951), "[T]his is not a mere temporary award of custody pending a trial of the case upon its merits. As far as we can determine from the record, the parties had completed their proof and submitted the matter to the court." We think that the decree in this case is a temporary award pending trial on the merits. The record reflects that appellant has not yet completed her proof. The order in the present case did not terminate any cause or right,

dismiss any party from the action or conclude their rights. By its very terms it is a temporary order. The court ordered an investigation of the respective homes and ordered that a report be made to the court. It is obvious the court did not intend to take final action on this matter based solely upon the fact that the mother may be living in adultery. We do not find the order appealed from to be an appealable order.

Appeal dismissed.

HICKMAN, J., would affirm on merits.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. The change of custody in this case, like that in *Walker* v. *Eldridge*, 219 Ark. 594, 243 S.W.2d 638 (1951), has the earmarks of permanency and on that basis I would treat it as an appealable order. Furthermore, the overriding consideration in custody disputes is where the best interests of the children are served. The better course here, I believe, would have been to leave custody unchanged until the proof was completed, when the court could better determine where custody should be placed.