Darla M. HARPER *v.* Barry W. HARPER

CA 86-390                                        731 S.W.2d 241

Court of Appeals of Arkansas
Division I
Opinion delivered June 24, 1987
[Rehearing denied July 22, 1987.]

*Brockman & Norton,* for appellant.

No brief filed for appellee.

GEORGE K. CRACRAFT, Judge. Darla M. Harper brings this appeal from an order of the chancery court of Pulaski County granting temporary relief only. She contends that the chancellor erred in not granting a decree of divorce in the form "submitted to him on April 24, 1986." We do not address the issue on its merits because we find the order appealed from to be unappealable.

Appellant brought this action for divorce, child custody, and settlement of all marital rights. On November 6, 1985, the parties appeared for a hearing on the merits. At the conclusion of the hearing, the chancellor orally announced that he would grant a divorce to the appellant and generally stated the disposition he would make of the marital property. He also stated that the custody of the minor child would remain with the appellant, and he fixed a definite amount of child support. Nothing further appears of record until April 24, 1986, when the court entered its order reciting that the appellant's attorney had presented a precedent for a decree of divorce which the chancellor declined to sign. In that order, the court recited the announcements made at the November hearing, but no order was entered on those announcements and no divorce was granted. The court further found that subsequent to the November hearing the appellant had disappeared, and ordered that the appellee be temporarily awarded custody of the minor child until it could be determined whether the appellant was dead or alive. The order specifically reserved the issue of divorce and property rights pending determination of the defendant's status and further orders of the court.

Appellant appeals contending that the court erred in not entering the precedent her counsel submitted at the hearing. No record was made of the proceedings on which the order appealed from was based, and the circumstances surrounding appellant's disappearance and form of the proffered decree are not made known to us. The announcements made by the court at

the conclusion of the trial were not orders of the court but merely directions to counsel of what the precedent should contain. The chancellor retained control of the cause and was free to change those directives. *O'Dell* v. *O'Dell*, 247 Ark. 635, 447 S.W.2d 330 (1969).

■■ The only decree before us is the one entered by the court on April 24, 1986. It is not an appealable one because it was not a final decree within the meaning of Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure. In order to be final for the purposes of appeal, a decree must in some way determine or discontinue the action and put the chancellor's directive into immediate execution, ending the litigation or at least a separable portion of it. *Morgan* v. *Morgan*, 8 Ark. App. 346, 652 S.W.2d 57 (1983). The order entered here made no more than a temporary award of custody and expressly reserved all other issues for further action by the chancellor. Because we find the order unappealable, we do not address the issue on its merits.

Appeal dismissed.

CORBIN, C.J., and COOPER, J., agree.