Christine M. JONES *v.* Jerry A. JONES

CA 93-91                                          852 S.W.2d 325

Court of Appeals of Arkansas
Opinion delivered March 17, 1993

*Samuel Perroni*, for appellant.

*Helen Rice Grinder*, for appellee.

PER CURIAM. The appellee in this child custody case filed a petition for permanent change of custody and for temporary emergency *ex parte* relief alleging that a change of custody was

required because the mental health and stability of the minor child was being jeopardized while he resided with his mother, the appellant. On December 13, 1992, the chancellor entered an order granting the relief and indicating that an emergency hearing would be scheduled on the matter. After a hearing on December 16, 1992, the chancellor entered a "temporary order of change of custody."

The appellant has filed in this court a motion to expedite appeal, requesting that the briefing schedule in this case be accelerated and alleging, among other things, that the appellant received insufficient notice of the hearing on the *ex parte* motion to change custody to adequately prepare or obtain witnesses and evidence to support a continuation of custody in her. She further alleges in her motion that the chancellor changed custody from the appellant to the appellee without making an adequate investigation into the merits of that action.

The appellee, in response to the appellant's motion to expedite, has moved to dismiss the appeal on the theory that the temporary custody order is nonappealable for lack of finality. We agree with the appellee's argument. In *Chancellor v. Chancellor*, 282 Ark. 227, 667 S.W.2d 950 (1984), the Arkansas Supreme Court clarified the law regarding appealability of temporary child custody orders by holding that a mere temporary award of custody pending trial on the merits is not appealable, but an award of custody, even if expressly stated to be temporary, is final for purposes of appeal if the issue of custody was decided on the merits and the parties have completed their proof. In the case at bar, the appellant's motion to expedite is grounded on her assertions that she had not yet completed her proof in this case. Therefore, the decree in this case is a temporary award pending trial on the merits, and is nonappealable pursuant to *Chancellor v. Chancellor, supra.*

The appellee's motion to dismiss is granted. Given our resolution of this issue, the appellant's motion to expedite the appeal is moot, and we do not address it.

Appeal dismissed.