Martha LESTER (Colby) *v.* Dwight P. LESTER, Jr.

CA 93-1411                                  889 S.W.2d 42

Court of Appeals of Arkansas
En Banc
Opinion delivered December 14, 1994
[Rehearing denied January 11, 1995.*]

*Honey & Honey, P.A.*, for appellant.

*Tim A. Womack, P.A.*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Martha Lester Colby and appellee Dwight P. Lester were divorced in Arkansas by decree entered in the Columbia County Chancery Court on October 17, 1991. The decree awarded Ms. Colby custody of the parties' minor child, Kimberly Ann Lester, subject to Mr. Lester's specified visitation rights. Shortly before the decree was entered, Ms. Colby moved with Kimberly to Shreveport, Louisiana and

---

*Mayfield, J., would grant rehearing.

has lived there ever since. On August 23, 1993, Mr. Lester filed a petition to change custody in the Columbia County Chancery Court. On the basis of affidavits which accompanied the petition, the court immediately entered an ex parte order granting a temporary change of custody. Mr. Lester then removed Kimberly from Shreveport without Ms. Colby's knowledge and brought her to his home in Magnolia, Arkansas. On September 7, 1993, Ms. Colby filed a motion to set aside the ex parte order, arguing that the Columbia County Chancery Court lacked jurisdiction. The court denied the motion, stating that the Columbia County Chancery Court had original jurisdiction in the divorce action and retained jurisdiction to make orders pertaining to the best interest of the child. Ms. Colby now appeals, arguing that the Columbia County Chancery Court lacked jurisdiction. Alternatively, she argues that even if the court had jurisdiction, the chancellor's failure to decline jurisdiction due to an inconvenient forum was clearly against the preponderance of the evidence. Finally, Ms. Colby argues that proper notice of the custody action was not provided in accordance with the Uniform Child Custody Jurisdiction Act.

Although Mr. Lester has not raised the issue, we cannot review this case on appeal because the order appealed from, the denial of appellant's motion to set aside the ex parte order for lack of jurisdiction, is not an appealable order. It is not a final decree within the meaning of Ark. R. App. P. 2(a)(1). In order to be final for purposes of appeal, a decree must in some way determine or discontinue the action and put the chancellor's directive into immediate execution, ending the litigation or at least a separable portion of it. *Harper* v. *Harper*, 21 Ark. App. 255, 731 S.W.2d 241 (1987). Nor does this order fit within any of the other provisions of Ark. R. App. P. 2(a). While the trial court's jurisdiction of the subject matter is essential to an action, a ruling by the trial court that it has proper jurisdiction, even if erroneous, does not render such order appealable. *Signa Ins. Co.* v. *Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988). Because a final order is a jurisdictional requisite the appellate court should raise the issue on its own motion. *Id. And see Mueller* v. *Killam*, 295 Ark. 270, 748 S.W.2d 141 (1988). Although some might characterize jurisdiction as only a technicality, without it we are powerless to act.

The temporary custody order which Ms. Colby sought to

set aside was entered ex parte on the basis of affidavits submitted by Mr. Lester. An ex parte custody order, without notice, requires prompt notice and an opportunity for the absent party to present proof. Before a final custody determination is made, an opportunity to be heard must be given to the contestants, Ark. Code Ann. § 9-13-204 (Repl. 1993), and the matter must be given priority and handled expeditiously. Ark. Code Ann. § 9-13-224 (Repl. 1993). Ms. Colby has an absolute right to be heard on the merits of this custody dispute and, as far as we can determine from the record, she has not presented any proof on that issue. This appeal is dismissed without prejudice to Ms. Colby's right to obtain review after a final order has been entered and filed.

Appeal dismissed.

PITTMAN and ROGERS, JJ., concur.

MAYFIELD, J., dissents.

JOHN MAUZY PITTMAN, Judge, concurring. I concur in the result reached in the majority opinion. However, I believe that the decision fails to explain that the appealability of the order denying the post-trial motion depends on whether appellant could have appealed from the ex parte order (which the post-trial motion had sought to set aside). Based on the facts presented, I believe the ex parte order would have been unappealable. *See Chancellor* v. *Chancellor*, 282 Ark. 227, 667 S.W.2d 950 (1984); *Jones* v. *Jones*, 41 Ark. App. 146, 852 S.W.2d 325 (1993). Therefore, I believe that the order denying the post-trial motion was unappealable.

JUDITH ROGERS, Judge, concurring. Reluctantly, I concur in the dismissal of this appeal although I commend the dissenting opinion's recitation of the law with regard to custody cases. However, I believe that, under existing law, dismissal is in order here since the award of custody was temporary in nature with a final decision pending, upon further presentation of proof.

Historically, cases which focused on the appealability of custody orders concerning children held that a decree awarding or changing custody of children is a final decree from which an appeal may be taken. *See Walker* v. *Eldridge*, 219 Ark 35, 240 S.W.2d 43 (1951) and *Wood* v. *Wood*, 226 Ark. 52, 287 S.W.2d 902 (1956). However, beginning with the decision in *Chancellor* v. *Chancellor*, 282 Ark. 227, 667 S.W.2d 433 (1984), and

later in *Sandlin* v. *Sandlin*, 290 Ark. 366, 719 S.W.2d 433 (1986), this rule has been modified such that a temporary order of custody is not appealable if further presentation of proof on the issue of custody is contemplated. Unfortunately, these decisions focus more on legalities, and less on the family.

Cases of this kind should be subject to an immediate appeal. Permanency in the eyes of a child is a much shorter and meaningful period than we as adults may realize. At issue is the best interest of the child, which is best served by proceeding expeditiously.

The majority in the instant case chooses to continue placing ever expanding technical rules over substance, and therefore, further widens the gap between justice and law, especially in the area of children's interests. Moreover, the instant case now seems to tacitly approve of an *ex parte* change of custody even after a "final" custody award in a divorce decree.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree to the dismissal of this appeal. The majority opinion states "we cannot review this case on appeal because the order appealed from, the denial of appellant's motion to set aside the ex parte order for lack of jurisdiction, is not a final order."

Before discussing the merits of this statement, I would point out that at the hearing on the appellant's motion, evidence was presented which disclosed that the parties had been divorced by the trial court in October of 1991, and the appellant had been awarded custody of a child who was then ten years old; that the appellant then moved to Louisiana with the child, and in August of 1993 the appellee obtained the ex parte order which granted temporary custody of the child to the appellee who resides in Arkansas.

After hearing the evidence and the arguments presented by the attorneys — which focused upon the application of Ark. Code Ann. § 9-13-203 (Repl. 1991) and the jurisdiction of the Arkansas court to decide custody of the child involved — the trial court denied the appellant's motion.

The appellant's notice of appeal states that she "hereby appeals . . . from the Order Denying Motion to Set Aside Ex Parte Order entered herein on September 29, 1993." Her argument

in this court is that (1) the Arkansas court did not have jurisdiction to enter the ex parte order, (2) alternatively, if it did have such jurisdiction, it should have declined to exercise it because Arkansas was an inconvenient forum to make the custody determination and the case should have been transferred to Louisiana, and (3) the ex parte order should be set aside for failure to give the appellant proper notice of the hearing which granted the order.

Thus, the appeal to this court does not involve the issue of which parent should have custody of the child of the parties in the case. Moreover, the chancellor's order does not touch on the merits of the custody question. The order finds the Arkansas court did not lose jurisdiction because the appellant moved to Louisiana with the child or because of the passage of time since the move. It also states that there was no pending custody action in Louisiana when the ex parte order was granted in Arkansas. The order concludes:

> IT IS, THEREFORE, THE OPINION AND ORDER OF THIS COURT that the Court of original jurisdiction, the Columbia County Chancery Court, retained and retains jurisdiction of these proceedings to make such Orders pertaining to the best interest of the child, Kimberly Ann Lester, until such time as it declines to assert continuing jurisdiction. The Motion to Set Aside Ex Parte Order is, therefore, denied.

I think this is an appealable order. The majority opinion concludes with the statement that this appeal is dismissed without prejudice to appellant's right to obtain review after a final order has been entered and filed. But the record does not disclose that there is anything pending before the trial court which asks that an additional order be entered. It seems clear enough that the appellee is content with the ex parte order granting him custody of the child. Although the order states the custody is temporary, unless the appellant files a motion in the Arkansas court seeking to change that order the appellee's temporary custody is in fact as permanent as a child custody order can be. Of course, every custody order is temporary in the sense that it is subject to change under proper circumstances.

Here, there is no issue, no pleading, no case, in which a decision as to "final" custody is pending. The majority opinion

states that "in order to be final for purposes of appeal, a decree must in some way determine or discontinue the action and put the chancellor's directive into immediate execution, ending the litigation or at least a separable part of it." I certainly agree. In *Festinger* v. *Kantor*, 264 Ark. 275, 277, 571 S.W.2d 82, 84 (1978), the Arkansas Supreme Court said: "To be final the decree must also put the court's directive into execution, ending the litigation *or a separable branch of it.*" (Emphasis added.) And when this concept is applied, I think the order appealed from in this case is a final, appealable order.

The *Festinger* case was relied upon in *Alberty* v. *Wideman,* 312 Ark. 434, 850 S.W.2d 314 (1993), for the statement that "a decree that orders a judicial sale of property and places the court's directive into execution is a final order and appealable under Ark. R. App. P. 2(a)(1)." 312 Ark. at 437, 850 S.W.2d at 316. The final paragraph in *Alberty* concludes, however, that the chancellor's order in that case had only determined that the property involved "shall be sold" and "the chancellor must still appoint a commissioner and set a day and place for the sale, and, perhaps, set an attorney's fee, before the directive can be placed into execution." Thus, the order there was not appealable, but *Alberty* clearly recognized that the language in *Festinger* was correct in principle when it stated: "To be final the decree must also put the court's directive into execution, ending the litigation or a separable branch of it." I would also point out that the rule in *Festinger* has been applied by the Arkansas Court of Appeals in determining whether an order of the Arkansas Workers' Compensation Commission was appealable. *See Gina Marie Farms* v. *Jones,* 28 Ark. App. 90, 770 S.W.2d 680 (1989).

Moreover, in *Cupples Farms Partnership v. Forrest City Production Credit Association,* 310 Ark. 597, 839 S.W.2d 187 (1992), the court held that the denial of a motion to intervene as a matter of right in ongoing litigation constituted an appealable order under Ark. R. App. 2(a)(2) which allows the appeal of an order that "in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action." The appellant sought to intervene in order to be subrogated to the cross-claim of the appellee against another party. It was argued that intervention was "the only practical and effective means" for the appellant to "protect its claimed interest in the litigation."

The appellate court agreed, held that the denial of the motion to intervene was an appealable order, and held that the fact the appellant "claimed an interest in the litigation which was found wanting by the circuit court does not undercut appealability." 310 Ark. at 602, 839 S.W.2d at 190.

In *Gipson* v. *Brown*, 288 Ark. 422, 706 S.W.2d 369 (1986), the court also relied upon Ark. R. App. P. 2(a)(2) in holding that an appeal from the trial court's interlocutory order granting a discovery request to require the elders of a church to disclose financial data and other business information relating to the church was properly taken because the order "in effect determines the action and prevents a judgment from which an appeal might be taken." 288 Ark. at 426, 706 S.W.2d at 372.

The reasoning of the last two cases allowing the appeals under Ark. R. App. P. 2(a)(2) also applies to the instant case. Here, the appellant questioned the jurisdiction and propriety of the trial court's order denying the appellant's motion to set aside the ex parte order granting appellee temporary custody of the parties' child. The appellant did not ask the trial court to grant her custody of the child. She had custody of the child until the court granted the ex parte order giving custody of the child to the appellee. The only issue before the trial court was whether the ex parte order should have been granted. The trial court's refusal to set aside its ex parte order concluded the case before the court and whether we say the trial court's order was appealable under the theory of the *Festinger* case or under Ark. R. App. P. 2(a)(2) is of no import. Under either theory, this appeal should not be dismissed.

This case is clearly distinguishable from the case (cited by the majority opinion) of *Cigna Ins. Co.* v. *Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988), and its supplemental opinion on rehearing at 294 Ark. 506A, 746 S.W.2d 558. The only application that *Cigna* could have to the present case is the holding in the original opinion (rendered moot by the supplemental opinion) that the granting of a motion to modify or set aside an order dismissing a case (which was treated in the appellate opinion as the denial of a motion to dismiss) is not appealable if made within 90 days of the order of dismissal. In *Cigna*, however, the order (which was treated as a denial of a motion to dismiss) would have left issues to be determined, if the order had been made within 90 days.

That is the very reason that the order would not be appealable. But that is a very different situation from the case now before us where the denial of the motion to set aside the ex parte order (which the majority opinion treats as a motion to dismiss) did not leave any action pending.

A concurring opinion has also been filed which agrees with the result of the majority opinion but for a different reason. The concurring opinion relies upon *Chancellor* v. *Chancellor*, 282 Ark. 227, 667 S.W.2d 950 (1984), and *Jones* v. *Jones*, 41 Ark. App. 146, 852 S.W.2d 325 (1993). *Chancellor* refers to *Wood* v. *Wood*, 226 Ark. App. 52, 287 S.W.2d 902 (1956), which stated, "[i]n *Walker* v. *Eldridge*, 219 Ark. 35, 240 S.W.2d 43, we held that any decree awarding or changing the custody of a child is sufficiently final to permit an appeal." The *Chancellor* opinion also pointed out that *Walker* v. *Eldridge* stated "this is not a mere temporary award of custody pending a trial of the case upon its merits . . . we can determine from the record the parties had completed their proof and submitted the matter to the court." However, the *Wood* opinion also stated, "So, even though the order in this case was expressly stated to be temporary, nevertheless it was appealable." And in a case decided more than two years after *Chancellor*, our supreme court cited *Chancellor* as support for the statement that, "Even though an order of temporary custody is appealable, . . . there can be no appeal, as we held in that case, until the proof has been completed and the order entered." *Sandlin* v. *Sandlin*, 290 Ark. 366, 367, 719 S.W.2d 433, 434, (1986). Our decision in *Jones* v. *Jones, supra*, simply relied upon *Chancellor*. It seems clear to me that the cases of *Walker, Wood, Chancellor, Sandlin*, and *Jones* all recognize that the use of the words "temporary custody order" does not necessarily mean that the order is not appealable. In the present case, as I have already pointed out, the record does not disclose that there is any pleading or issue pending before the trial court which asks that the court make an additional — or "final" — order on custody. Thus, the simple fact that the trial court has made a "temporary" custody order does not mean that the order is not appealable.

The situation in this case may be unusual, but we have to go outside the record and engage in sheer speculation to conclude that all the issues pending in the trial court have not been determined and that the case before us is therefore not an appeal-

able order. The majority opinion concluded with the statement that appellant "has an absolute right to be heard on the merits of this custody dispute." However, the simple fact is that if the Arkansas court does not have jurisdiction to decide the jurisdiction of the custody of the child involved in this case — the appellant does not need a hearing on the "merits of this custody dispute" because she has already had one such hearing and was granted custody of her child. She obviously only wants to set aside the ex parte order and leave the matter as it was before that order was entered. It is also, as stated earlier in this dissent, very apparent that the appellee is content with the ex parte order granting him custody.

Thus, the effect of our decision is to require the parties to try a custody issue that it appears they do not want to try. The concurring opinion of Judge Rogers recognizes that dismissing this appeal does not serve the best interest of the child. And I think we are going out of our way to reach a result that is not justified by the record before us, not desired by the parties, and not in the best interest of the child involved.

Therefore, I dissent.