Norma and Larry BROWN *v.* ARKANSAS DEPARTMENT OF HUMAN SERVICES

96-1367                                    954 S.W.2d 270

Supreme Court of Arkansas
Opinion delivered November 13, 1997

*David B. Fuller*, for appellant.

No response.

W.H. "DUB" ARNOLD, Chief Justice. This is a termination-of-parental-rights case. Appellants Norma and Larry Brown are the parents of a daughter who was born in 1992. They appeal an order of the Benton County Chancery Court terminating their parental rights with respect to their daughter. Their attorney, David B. Fuller, filed a no-merit brief in the Arkansas Court of Appeals, which certified the case to this court to answer the question of whether the provisions of *Anders v. California*, 386 U.S. 738 (1967), which protect a criminal appellant's right to counsel on appeal, apply to cases involving the termination of parental rights.

█ The issue of whether *Anders* applies to these cases is not addressed in appellants' brief. Nor has the Department addressed this issue, and it has not submitted a brief in this case. The certificate of service contained at the close of the brief filed by appellants' attorney indicates that he mailed a copy of the brief by first class mail, with restricted delivery to appellants. Though appellants received notice that their attorney had filed a no-merit brief, they have not filed a response. Under these circumstances, we treat this no-merit appeal as a motion to dismiss and grant the motion.

Appeal dismissed.

NEWBERN, BROWN, and IMBER, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. Termination of a parent's rights in a child is a drastic remedy that requires that a parent be afforded full protection under the law. The United

States Supreme Court has afforded due-process protection to parents in certain involuntary termination proceedings and described a parent's interest in the accuracy and justice of the decision to terminate his or her interest in a child as a *commanding one*. *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 27 (1981). I must respectfully dissent from the majority opinion because I do not believe that the procedure affirmed by the majority in this case adequately protects parents when (1) their rights in a child have been involuntarily terminated, and (2) their attorney abandons the appeal before this court.

In 1989, the Arkansas General Assembly adopted the view that counsel shall be provided for indigent parents in termination cases "at all stages of the proceedings." 1989 Ark. Acts 273 § 15, now codified at Ark. Code Ann. § 9-27-316(h)(1) (Supp. 1997). *See Briscoe v. State*, 323 Ark. 4, 912 S.W.2d 425 (1996). With the public policy of this state now carved in stone, this court is faced for the first time with deciding what procedure to follow when the parents' counsel overtly abandons his clients' appeal. Should this court assure that the parents whose rights to an appeal are forfeited are fully cognizant of what has occurred? Or should this court adopt a procedure comparable to that afforded indigent criminal defendants when their counsel advises this court that the appeal has no merit? *See Anders v. California*, 386 U.S. 738 (1967). *See also* Ark. Sup. Ct. R. 4-3(j). In the criminal context under Rule 4-3(j) when an attorney files a no-merit brief, that attorney is required to list all rulings adverse to the client and all objections and motions as well with an explanation as to why the adverse ruling is not a meritorious ground for reversal. The criminal defendant is then notified of the attorney's actions and given 30 days to raise any points he chooses to raise in support of the appeal.

Other jurisdictions, while not extending the full panoply of *Anders* protections, have sanctioned dismissal of an appeal only after parents were instructed explicitly that their appeal had been abandoned and they had thirty days to file a supplemental brief. *See, e.g., In Re Sade C.*, 920 P.2d 716 (Cal. 1996); *In Re J.A.*, 693 So.2d 723 (Fla. App. 5 Dist. 1997); *Jimenez v. Dept. of Health & Rehab.*, 669 So.2d 340 (Fla. App. 3 Dist. 1996); *Ostrum v. Dept. of*

*Health & Rehab. of Fla.*, 663 So.2d 1359 (Fla. App. 4 Dist. 1995). Still other courts faced with this exact question have required that the attorney file an advocate's brief establishing why the parent's case has no merit, as is done in *Anders* appeals. *See, e.g., In Re V.E.*, 611 A.2d 1267, 1275 (Pa. Super. 1992)("An indigent parent faced with the permanent loss of his or her child, like the indigent defendant described in *Anders*, is entitled to . . . an attorney who will support the appeal to the best of his or her ability."), *citing Meyer v. Nebraska*, 262 U.S. 390 (1923).

In the instant case, the certificate of service on counsel's brief states that the parents were mailed a copy of the brief, but there was no instruction that the parents had the right to file a brief on their own within thirty days. As the United States Supreme Court has recognized:

> The parents [involved in these cases] are likely to be people with little education, who have had uncommon difficulty in dealing with life, and who are . . . thrust into a distressing and disorienting situation. That these factors may combine to overwhelm an uncounseled parent is evident from the findings some courts have made.

*Lassiter v. Dep't of Social Servs.*, 452 U.S. at 30 (citations omitted).

I would not require full *Anders* protection to be afforded in this case. But I would certainly give the parents an opportunity to file a supplemental brief within thirty days, should they so desire. It may well be that the parents are fully aware of what their counsel has done. But what if they are not? In my opinion, it is the responsibility of the judicial system to assure that the parents know their appeal has been dismissed and that they are given a separate opportunity to advance their cause.

Finally, the majority points to the fact that the *Anders* issue has not been briefed by the parties and cites that as a reason not to address it. But who has an interest in raising the *Anders* question? Not the attorney for the parents who wants to withdraw from the case. Not the State which wants the appeal dismissed. The parents, of course, have not been given an independent voice. Under such circumstances, the *Anders* issue in termination cases will

never be brought before this court unless we decide to address the issue.

For these reasons, I respectfully dissent.

NEWBERN and IMBER, JJ., join.