Rick DOVER *v.* ARKANSAS DEPARTMENT
OF HUMAN SERVICES

CA 97-1334                                        968 S.W.2d 635

Court of Appeals of Arkansas
Division II
Opinion delivered May 6, 1998

*Brad Messer*, for appellant.

D. FRANKLIN AREY, III, Judge. The Juvenile Division of the Benton County Chancery Court removed appellant Rick Dover's three children from his custody following an emergency hearing. The juvenile court found that removal was in the children's best interest, and necessary to protect their health and welfare. On appeal, appellant argues that the State failed to meet its evidentiary burden for removal of the children; that the juvenile court based its decision on improper considerations; and that the juvenile court failed to make the required factual findings before ordering

removal. We dismiss this appeal without reaching the merits because the juvenile court's order is not a final, appealable order.

At a hearing held on July 18, 1997, the juvenile court noted that the guardian *ad litem*'s report alleged the existence of an emergency regarding the children's continued placement with appellant. Although the parties before the court argued their respective positions, no witness testified. The juvenile court concluded that the children should be removed from appellant's custody and placed them with their grandmother. An order setting forth the juvenile court's decision was entered on August 4, 1997. The order noted that appellee Department of Human Service's contact with the family "occurred during an emergency. . . ."

Appellant is appealing from the order of August 4, 1997. The juvenile court must hold an emergency hearing to determine if probable cause to issue an emergency ex parte order under § 9-27-314 continues to exist. *See* Ark. Code Ann. § 9-27-315(a)(1)(A) (Supp. 1997). At this emergency hearing, the juvenile court must set the time and date for an adjudication hearing to be held within thirty days of the emergency hearing. *See* Ark. Code Ann. § 9-27-315(d). Appellant does not bring this appeal from an adjudication order; there are no issues before us concerning an adjudication hearing and order.

An appeal may be taken from a final judgment or decree entered by a trial court. *See* Ark. R. App. P.—Civ. 2(a)(1). To be appealable, an order, decree, or judgment must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Chancellor v. Chancellor*, 282 Ark. 227, 667 S.W.2d 950 (1984). Because a final order is a jurisdictional requirement, an appellate court should raise the issue on its own motion. *See Lester v. Lester*, 48 Ark. App. 40, 889 S.W.2d 42 (1994).

In the case before us, appellant is appealing from an order entered after an emergency hearing; that is not a final order for purposes of appeal. The statute allowing for emergency hearings mandates an adjudication hearing within thirty days of the emergency hearing. *See* Ark. Code Ann. § 9-27-315(d). Adjudication hearings are held to determine whether the allegations in a

petition are substantiated by the proof. *See* Ark. Code Ann. § 9-27-327(a). Implicit in this statutory scheme is the notion that proof will be presented at the adjudication hearing; the presentation of proof is not concluded at the emergency hearing. Thus, an order based upon an emergency hearing does not discharge the parties from the action or conclude their rights to the subject matter in controversy. It is not a final order. *Cf. Chancellor*, 282 Ark. at 229-30, 667 S.W.2d at 951-52 (a temporary custody order is not a final order for purposes of appeal where the appellant had not yet completed her proof on the issue of custody and where it was obvious that this was not the court's final action).

■ Our disposition of this appeal is consistent with our prior commentary on the finality of orders arising out of emergency hearings.

> Since probable cause hearing orders are not final and appealable, the statutory scheme of the juvenile code adds the safeguard of requiring that an adjudication hearing be held within thirty days of the probable cause hearing. In that way, any errors made in the probable cause hearing, which would not be subject to immediate appeal, are minimized by requiring the full adjudication hearing to follow soon thereafter.

*Johnston v. Arkansas Dep't of Human Servs.*, 55 Ark. App. 392, 394, 935 S.W.2d 589, 590 (1996). While the court in *Johnston* noted that this discussion was not necessary to the disposition of the issues on appeal, it is certainly applicable to the case at bar.

■ Given the juvenile code's statutory scheme, orders based upon emergency hearings held pursuant to § 9-27-315 are not final. We do not have jurisdiction to address this appeal, so we dismiss it without prejudice to appellant to obtain review after a final order has been entered and filed.

Appeal dismissed.

PITTMAN, J., agrees.

GRIFFEN, J., concurs.

WENDELL L. GRIFFEN, Judge, concurring. I fully support our decision to dismiss this appeal for the reasons stated in Judge

Arey's opinion. My separate opinion is written to express my concern and disappointment about the failure of the Arkansas Department of Human Services to file a brief. As the principal opinion indicates, this case involved an appeal from a decision to remove three children from the custody of their father after the chancellor found that removal was in their best interest and necessary to protect their health and welfare. The chancellor's decision was made at the urging of the Department of Human Services and a guardian *ad litem*. However, the Department has not favored us with a brief to support the action taken at its urging.

The Department is the governmental entity with explicit responsibility to act as advocate for the interest of children in proceedings of this nature. One would think that a decision to seek the removal of children from the custody of a parent because of governmental concern for their safety and welfare would carry with it a responsibility to maintain that concern after a favorable ruling has been appealed. Aside from the need to have the public interest represented, the children affected by the decision deserve something more than what the Department provided them in this appeal, which was nothing.

The Department's failure to file briefs in similar instances has been a subject of concern in other cases. *See Gregg v. Arkansas Dep't of Human Servs.*, 58 Ark. App. 337, 952 S.W.2d 183 (1997). *See also Brown v. Arkansas Dep't of Human Servs.*, 330 Ark. 497, 954 S.W.2d 270 (1997). One wonders how many more situations will occur before the people responsible for advocating the public interest in child safety and welfare cases decide to do the job for which they are being paid.