## Sherry ERWIN *v.* Michael PACE

CA 07-1261                                      287 S.W.3d 654

Court of Appeals of Arkansas
Opinion delivered September 24 2008

*Rice & Adams,* by: *Scott A. Scholl,* for appellant.

*Hope, Fuqua & Campbell, P.A.,* by: *Kevin M. O'Dwyer,* for appellee.

KAREN R. BAKER, Judge. ■ Appellant Sherry Erwin appeals a temporary order changing custody to appellee Michael Pace. While we recognize the prudence of appealing a temporary order after this court's holding in *Hodge v. Hodge,* 97 Ark. App. 217, 245 S.W.3d 695 (2006) (reversing and remanding custodial determination noting that the temporary order on its face had a temporal limit to its temporary nature), our supreme court's precedents require us to dismiss this appeal. Dismissal is in order here because the trial court specifically awarded custody temporary in nature, withheld a determination of whether a change of circumstances has occurred warranting a permanent change of custody, withheld a determination of the best interests of the children regarding permanent placement, and clearly indicated that a final decision was pending upon further presentation of proof.

Appellant argues that, despite the temporary designation of the order, the order was in fact a final and appealable order. Appellee agrees that the order is appealable, but disagrees that the

order was final, asserting that by its terms it was a temporary order contemplating a further hearing; however, appellee concedes that as of the day of oral arguments, no further proceedings or hearings had been scheduled after the challenged order had been entered. In addition, the trial court specifically stated in its order that the temporary order was appealable, citing *Wood v. Wood*, 226 Ark. 52, 287 S.W.2d 902 (1956).

Historically, cases which focused on the appealability of custody orders concerning children held that a decree awarding or changing custody of children is a final decree from which an appeal may be taken. *See Walker v. Eldridge*, 219 Ark. 35, 240 S.W.2d 43 (1951) and *Wood v. Wood*, 226 Ark. 52, 287 S.W.2d 902 (1956). The trial court's citation to *Wood* in its statement that its determination was appealable was a reference to a case still recognized as valid. However, beginning with the decision in *Chancellor v. Chancellor*, 282 Ark. 227, 667 S.W.2d 950 (1984), and later in *Sandlin v. Sandlin*, 290 Ark. 366, 719 S.W.2d 433 (1986), this rule has been modified such that a temporary order of custody is not appealable if further presentation of proof on the issue of custody is contemplated. *See Lester v. Lester*, 48 Ark. App. 40, 42-43, 889 S.W.2d 42, 43-44 (1994)(Rogers, J., concurring) (proposing that "[c]ases of this kind should be subject to an immediate appeal. Permanency in the eyes of a child is a much shorter and meaningful period than we as adults may realize. At issue is the best interest of the child, which is best served by proceeding expeditiously").

The appealability of temporary custody orders should not be a quagmire resulting in procedural bars. Not all jurisdictions follow the rule as set forth by our supreme court. The Connecticut supreme court in *Madigan v. Madigan*, 620 A.2d 1276 (Conn. 1993), rejected our supreme court's approach to the appealability of a temporary custody order. The Connecticut court held that temporary custody orders are final judgments that are immediately appealable because an immediate appeal is the only reasonable method of insuring that important rights surrounding the parent-child relationship are adequately protected. The Connecticut court reasoned:

> An inquiry into the law of other jurisdictions supports our conclusion that temporary custody orders are immediately appealable. Although a number of jurisdictions have held that such orders are not immediately appealable, emphasizing the broad rule that interlocutory orders must await the end of an action to be appealed; *see, e.g., Chancellor v. Chancellor*, 282 Ark. 227, 230, 667 S.W.2d 950

(1984); *In re Temporary Custody of Five Minors*, 105 Nev. 441, 443, 777 P.2d 901 (1989); *Craft v. Craft*, 579 S.W.2d 506, 508 (Tex. Civ. App.1979); others recognize that temporary orders may be appealed pursuant to local rules recognizing interlocutory appeals. *See, e.g., Sanchez v. Walker County Dept. of Family & Children Services*, 235 Ga. 817, 818, 221 S.E.2d 589 (1976); *In re Marriage of Kitchen*, 126 Ill. App.3d 192, 194-95, 81 Ill. Dec. 644, 467 N.E.2d 344 (1984). Likewise, a limited number of jurisdictions recognize temporary custody orders as final for the purpose of immediate appeal. *See, e.g., In re Interest of L.W.*, 241 Neb. 84, 486 N.W.2d 486, 495 (1992); *In re Murray*, 52 Ohio St.3d 155, 159-61, 556 N.E.2d 1169 (1990). On balance, we find that the rationale for allowing immediate appeals adopted in the latter jurisdictions, in conjunction with the practice in other jurisdictions that allow these appeals by special interlocutory appeals rules, to be more persuasive than the traditional reasons of judicial economy generally offered as a justification to adhere to a rule of nonappealability.

*Madigan*, 620 A.2d at 1279 n.9.

While the supreme court of Connecticut is free to reject our supreme court's precedent, we are not. We have no authority to overrule our supreme court on this issue. *See Hodge v. Hodge*, 97 Ark. App. 217, 223-24, 245 S.W.3d 695, 700 (2006) (Baker, J., dissenting). Our supreme court has limited the appealability of temporary custody orders, and until our supreme court rules otherwise, we must adhere to its rule of nonappealability.

Accordingly, this appeal is dismissed.

HART and HEFFLEY, JJ., agree.