

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-599

|  |  |  |
|---|---|---|
|  |  | Opinion Delivered: FEBRUARY 10, 2016 |
| STEFANIE EMERSON | | |
| | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NOS. DR-13-455, DR-14-407] |
| V. | | |
| | | HONORABLE DAN RITCHEY, JUDGE |
| JAMES EMERSON | | |
| | APPELLEE | DISMISSED WITHOUT PREJUDICE |

## KENNETH S. HIXSON, Judge

Appellant Stefanie Emerson appeals from the March 30, 2015 and March 31, 2015 orders issued by the Crittenden County Circuit Court that found her in contempt due to withholding of visitation to appellee James Emerson and that denied her motion to dismiss or decline jurisdiction. We dismiss due to lack of a final order.

This appeal arises from two consolidated proceedings between married parents of two young daughters. The first proceeding initiated as a petition filed by appellant in Crittenden County Circuit Court for an order of protection, DR2013-455, against appellee. The trial court issued a one-year order of protection in August 2013 that was to expire in August 2014. In that order, appellant was awarded temporary custody of the children "for the duration of this order or until future orders shall be issued from a Court with jurisdiction over the parties." The order of protection established specific temporary visitation privileges

for appellee. The order further noted that it contained an expiration date so that future matters on visitation should be handled through another domestic-relations case.

In February 2014, appellant filed for divorce and for custody of the children in Mississippi, where appellant had moved. The status of the Mississippi lawsuit is unclear in this record.

The second proceeding was initiated separately as a petition for custody filed by appellee in June 2014 in Crittenden County Circuit Court, DR2014-407, prior to the expiration of the order of protection.

In January 2015, appellee sought to have appellant held in contempt for not permitting him visitation with their daughters pursuant to the visitation privileges permitted him in the order of protection. Appellant resisted the motion for contempt, and she filed motions to dismiss, asserting that the order of protection by its own terms had expired in August 2014, that there was no existing Arkansas court order of which she could be in defiance, and further that jurisdiction was proper in Mississippi, where she had filed for divorce and custody. The trial court conducted a hearing in March 2015 to address these issues, and it consolidated the cases by a separate order, which is not on appeal.

After hearing arguments and testimony, and after considering briefs, the trial judge denied the motion to dismiss and held appellant in contempt of court "for interference with Mr. Emerson's visitation privileges . . . in violation of the Court's Orders by unilaterally suspending Mr. Emerson's visitation privileges without seeking Court approval." The trial court specifically reserved judgment as to any sanctions for her contempt until a review hearing, set for June 24, 2015. The possible sanctions were to include, but were not limited

to, attorney fees, jail time, and/or custody modification. The visitation order was temporarily modified, and appellee's pending motion to change custody was reserved until June 24, 2015. In the order denying appellant's motion to dismiss, the judge found that the visitation provided in the order of protection was still valid even after its expiration date of August 2014 and that Arkansas was the proper jurisdiction and a convenient forum for any child custody dispute. This appeal followed from those two March 2015 orders.

Although neither party has raised the issue of finality, it is a jurisdictional requirement that the appellate court will raise sua sponte. *Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005); *Roy v. Int'l Multifoods Corp.*, 268 Ark. 958, 597 S.W.2d 129 (Ark. Ct. App. 1980). Our appellate rules provide that in order to be appealable, an order must be final, meaning that it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Ark. R. App. P.−Civ. 2(a) (2015); *Roberts Enters., Inc. v. Ark. State Highway Comm'n*, 277 Ark. 25, 638 S.W.2d 675 (1982).

Ordinarily, the denial of a motion to dismiss is not a final, appealable order from which an appeal may be taken, absent certain exceptions not present here. *See* Ark. R. App. P.−Civ. 2(a)(10); *Ark. State Claims Comm'n v. Duit Constr. Co.*, 2014 Ark. 432, at 5, 445 S.W.3d 496, 501; *University of Ark. for Med. Scis. v. Adams*, 354 Ark. 21, 117 S.W.3d 588 (2003); *State v. Goss*, 344 Ark. 523, 42 S.W.3d 440 (2001); *Cigna Ins. Co. v. Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988).

An order of contempt is not final and appealable if no sanctions have been imposed. *Shafer v. Estate of Shafer*, 2010 Ark. App. 476; *Taylor v. Taylor*, 26 Ark. App. 31, 758 S.W.2d

222 (1988).   An order merely announcing the court's determination of the rights of the parties, but contemplating further judicial action, is not appealable.  *Shafer*, *supra*.  Arkansas Rule of Appellate Procedure–Civil 2(a)(13) provides that a contempt order is appealable when it "imposes a sanction and constitutes the final disposition of the contempt matter."[1]

Further, Arkansas Rule of Appellate Procedure–Civil 2(d) provides that "All final orders awarding custody are final appealable orders."   A temporary order of custody or visitation is not appealable if further presentation of proof on the issue of custody is contemplated.  *See Chancellor v. Chancellor*, 282 Ark. 227, 667 S.W.2d 950 (1984); *Erwin v. Pace*, 103 Ark. App. 204, 287 S.W.3d 654 (2008); *Jones v. Jones*, 41 Ark. App. 146, 852 S.W.2d 325 (1993).

In this appeal, the denial of the motion to dismiss or to decline jurisdiction is not final, and the issues of contempt and temporary visitation are not final for purposes of appeal. We must dismiss for lack of finality.

Dismissed without prejudice.

HARRISON and VAUGHT, JJ., agree.

*W. Marshall Prettyman*, Legal Aid of Arkansas, for appellant.

*Richard R. West*, for appellee.

---

[1] Subsection (a)(13) was added by our supreme court in 2010 to clarify when a contempt order is appealable.