

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–993

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** August 31, 2016 |
| ROBIN M. EMIS | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION [NO. 60DR-10-1616] |
| V. | | |
| KEITH W. EMIS | | HONORABLE MORGAN E. WELCH, JUDGE |
| | APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

This appeal arises from a child-custody modification. The Pulaski County Circuit Court entered an order modifying the custody arrangement of the parties' minor children, placing primary custody in appellee, Keith Emis, and providing appellant, Robin Emis, with visitation. Robin appeals the trial court's decision, challenging the trial court's finding that a material change of circumstances existed to support modification. She also challenges the trial court's award of attorney's fees to the attorney ad litem and opposing counsel; its denial of her motion for recusal without benefit of a hearing; its decision to strike an affidavit in support of the motion for recusal without a hearing and while the motion to recuse was still pending; and its order denying her request to vacate the appointment of the attorney ad litem without a hearing. We affirm.

Before we can reach the merits of Robin's appeal, there are several procedural matters that must be addressed. Our first procedural matter pertains to whether we are vested with jurisdiction to entertain the appeal of the court's custody determination. To fully understand this procedural issue, we must review the history of the actions of the parties and the court below.

Robin and Keith divorced in September 2011. Robin was awarded full legal and physical custody of their two minor children—twenty-two-month-old twins—with Keith being awarded visitation.

In September 2014, Robin and Keith agreed to change the custody-and-visitation arrangement.[1] They caused an order to be entered specifying that the parties would have "joint physical custody of the minor(s), with legal custody vested in [Robin]." The legal effect of this language is at the crux of the pending litigation.

Approximately four months later, in January 2015, Robin filed a motion to modify the decree and to relocate to Florida with the children.[2] Keith responded, requesting a change of custody and to prevent Robin's relocation to Florida with the children.

The trial court received evidence concerning Robin's motion to modify and relocate, along with Keith's competing motion for a change of custody, during a three-day hearing beginning August 11, 2015. The court did not rule from the bench. Instead, at the request of Robin's counsel, the trial court on August 14, 2015, entered "Findings of Fact and

---

[1] The order modifying support, custody, and visitation was, by agreement of the parties, entered nunc pro tunc to May 1, 2012.

[2] The motion also sought a finding of contempt and to compel payment, but those matters are not at issue in this appeal.

Conclusions of Law" denying Robin's motions, including her request to relocate, and granting Keith's motion for change of custody, thereby awarding custody of the children to Keith subject to visitation by Robin. However, the court specifically directed in paragraph 30,

> While this document is also an Order of the Court, [Keith] shall draft the Final Order consistent with these findings and conclusions, approved as to form by [Robin] and Attorney Ad Litem, and submit to the court within 11 days.

On August 27, 2015, the trial court entered a formal order denying Robin's motions and granting Keith's request for a change in custody. The August 27 order acknowledged the August 14 "Findings of Fact and Conclusions of Law," incorporated it by reference, and expounded on the issues of child support and visitation. The order then stated,

> This order supersedes and replaces all previously entered orders of custody and/or support entered in this matter.

On September 9, 2015, Robin filed her first notice of appeal. She designated the "*Findings of Fact and Conclusions of Law* Order" entered on August 14, 2015, as the order being appealed. (Emphasis in original.) Robin made no mention of the August 27 order in the September 9 notice of appeal.

Robin amended her notice of appeal on November 17, 2015—more than thirty days from the custody award. In her amended notice, she indicated that the initial September 9 notice of appeal was from the "Order entered following *Findings of Fact and Conclusions of Law* entered . . . on August 14, 2015, as well as the *Findings of Fact* itself." (Emphasis in original.) The notice then proceeded to designate certain orders deciding posttrial motions, including the October 27 and November 13, 2015 orders denying her request for recusal; the

3

November 2 order striking the affidavit; and the October 21 order granting attorney's fees to the attorney ad litem.

Robin filed a second amended notice of appeal on December 18, 2015. That notice designated all orders identified in the previous notices of appeal and other posttrial orders, including the November 19 order granting attorney's fees to opposing counsel.

The question for our consideration is whether Robin's notices of appeal are sufficient to vest our court with jurisdiction to consider the trial court's custody determination. More specifically, was her failure to designate the August 27, 2015 custody order in her initial notice of appeal fatal? For the following reasons, we find that Robin's failure to properly designate the August 27 final order awarding custody to Keith divests this court of jurisdiction to decide her first two issues on appeal relating to the custody hearing or the trial court's custody determination.

In reaching this conclusion, we have considered the finality of the orders entered by the trial court as pertaining to custody. Our rules of procedure provide that only *final* orders of custody are appealable orders. Ark. R. App. P.–Civ 2(d) (emphasis added). We have held that whether a custody order is final or temporary is not dependent on the style of the order. Rather both this court and our supreme court have consistently held that custody orders styled as temporary may be nonetheless final for purposes of appeal if the issue of custody was decided on the merits and the parties have completed their proof. *See Gilbert v. Moore*, 364 Ark. 127, 129, 216 S.W.3d 583, 584–85 (2005); *Sandlin v. Sandlin*, 290 Ark. 366, 719 S.W.2d 433 (1986); *Chancellor v. Chancellor*, 282 Ark. 227, 667 S.W.2d 950 (1984); *Jones v. Jones*, 41 Ark. App. 146, 852 S.W.2d 325 (1993).

4

Here, the trial court issued two rulings pertaining to the award of custody of the children to Keith: one designated as "Findings of Fact and Conclusions of Law," and the other is the August 27 order. Is the document entitled "Findings of Fact and Conclusions of Law" a final order? The document states that it is an order of the court and awards custody of the children to Keith. However, the order specifically directs Keith's counsel to draft the "Final Order," which was entered on August 27. Therefore, the custody award in the "Findings of Fact and Conclusions of Law" was, at the most, temporary until the entry of the August 27 "Final Order," and at the least, was something akin to a letter opinion, which we have previously stated is not a final order for purposes of appeal. *Wilkinson v. Smith*, 2012 Ark. App. 604, at 3 ("The decisions, opinions, and findings of a court—including those expressed in a letter opinion—do not constitute a judgment or decree; they merely form the bases upon which the judgment or decree is subsequently to be rendered and are not conclusive unless incorporated in a judgment."). In either case, the document entitled "Findings of Fact and Conclusions of Law" is not an appealable order.

However, even if the August 14 order could somehow be construed as an appealable award of custody, it was superseded by the August 27 order. The August 27 order specifically provides that it supersedes all previous orders of custody, which would include the "Findings of Fact and Conclusions of Law." Therefore, the issues regarding the validity of the August 14 order were rendered moot by the subsequent custody order. Moreover, the August 27 order was not properly appealed. Robin failed to designate the August 27 order in her initial notice of appeal filed on September 9. She did file an amended notice stating that the initial September 9 notice was from the "Order entered following *Findings of Fact and Conclusions*

*of Law.*" However, this language is contrary to the language contained in the September 9 notice, and the amended notice was filed more than thirty days from the custody award.

We now turn to those issues discussed in Robin's third point on appeal: recusal, attorney's fees, evidentiary rulings, and the failure to vacate the ad litem appointment. Those issues also suffer from procedural difficulties. Robin sought to have the trial court recuse. However, the motion to recuse was filed after the final order had been entered. The motion only sought the trial court's recusal; Robin never requested a new trial or to have the custody award set aside on the basis of judicial bias or appearance of impropriety. On appeal, Robin spends the majority of her argument on the recusal issue. She goes into great detail regarding how the judge's alleged bias and impropriety affected, or could have affected, his decision on the merits and the evidentiary matters leading up to his custody determination. However, as noted above, she has failed to properly appeal the custody determination. And, because she never requested that the custody award be vacated or set aside due to bias, any discussion of recusal would have no effect on the custody determination and would amount to an advisory opinion.[3] It is well settled that this court does not render advisory opinions or answer academic questions. *Wilson v. Pulaski Ass'n of Classroom Teachers*, 330 Ark. 298, 954 S.W.2d 221 (1997).

Finally, Robin devotes one paragraph to her remaining issues on appeal: the award of attorney's fees to opposing counsel and the ad litem; the order striking her affidavit in support of the recusal motion; and the order denying her request to vacate the ad litem appointment.

---

[3] "An advisory opinion is . . . an interpretation of the law without binding effect." *Hartness v. Nuckles*, 2015 Ark. 444, at 13, 475 S.W.3d 558, 567 (Hart, J., dissenting)(quoting *Black's Law Dictionary* 35–36 (6th ed. 1990)).

She cites no facts or authority to support her arguments; in fact, she makes no independent argument in her brief whatsoever other than to incorporate her trial motions and briefs by reference. That is not proper. Our supreme court has specifically stated that allowing counsel to incorporate trial arguments by reference would eviscerate our rules regarding briefing length and would render meaningless our holdings that we do not address arguments that are not sufficiently argued or briefed to this court. *See Ligon v. Stilley*, 2010 Ark. 418, at 20, 371 S.W.3d 615, 632. As a result, we cannot reach these issues on appeal.

For the foregoing reasons, we affirm.

KINARD and HIXSON, JJ., agree.

*Law Office of Kathryn L. Hudson*, by: *Kathryn L. Hudson*; and *Pinnacle Law Firm, PLLC*, by: *Matthew D. Campbell*, for appellant.

*Ballard & Ballard, P.A.*, by: *Andrew D. Ballard*, for appellee.