Donnie R. REED and Peggy J. Reed, Husband & Wife *v.*
ARKANSAS STATE HIGHWAY COMMISSION

99-994                                                        17 S.W.3d 488

Supreme Court· of Arkansas
Opinion delivered June 1, 2000
[Petition for rehearing denied June 29, 2000.]

*Harold S. Erwin*, Judge;

*Murrey L. Grider Law Firm*, by: *Murrey L. Grider*, for appellant.

*Robert L. Wilson*, Chief Counsel and *Lawrence W. Jackson*, Staff Attorney, for appellee.

TOM GLAZE, Justice. This appeal arises out of a condemnation proceeding by the appellee Arkansas State Highway Commission and its construction project to widen that part of Highway 67 which runs through Pocohontas. The appellants,

Donnie and Peggy Reed, own a flower shop located along Highway 67's right-of-way. As part of the project, the Commission filed an action of condemnation and declaration of a taking for a temporary easement needed to construct curbs, gutters, and sidewalks within the Commission's right-of-way abutting the Reeds' property. The Commission interpleaded $100.00 as compensation for the estimated fair market value of the taking. The Reeds conceded that the Commission's construction was contained wholly within the Commission's highway right-of-way. Nonetheless, the Reeds responded by stating they intended to offer lay and expert testimony bearing on lost profits to its business and other fair market value damages. The Commission, on the other hand, sought to limit the Reeds' proof to the fair market value of the property taken by the temporary easement. Based on the Commission's assertion, the Reeds' damages were limited to the use of the construction easement for sixty days, which amounted to the $100.00 amount deposited by the Commission.

On March 8, 1999, prior to the commencement of a jury trial, the trial court conducted a hearing on two motions in limine filed by the Commission, whereby the Commission sought to exclude any lost profits evidence offered by the Reeds and to exclude testimony by their expert appraiser, R. M. Weaver. Mrs. Reed's testimony, if given, was intended to show lost profits in the amount of $26,484.44, and Mr. Weaver's testimony placed damages caused by the construction at $30,175.00. After listening to argument of counsel for the Commission and the Reeds, the trial court granted the Commission's motions. While the trial court then offered the Reeds the opportunity to present evidence of damages as to fair rental value of any loss due to the temporary easement used by the Commission to complete its project, the Reeds declined, stating they could offer no evidence beyond that excluded by the Commission's motions in limine because their lost-profit damages could not be separated from other market value evidence.

After the Reeds opted not to proceed further, the trial court suggested a directed verdict was in order, even though no trial testimony had been introduced. At this point, the Reeds were given the opportunity to proffer Mrs. Reed's and Mr. Weaver's testimonies. The Reeds also advanced an inverse condemnation argument, which was rejected by the trial court. The trial court concluded that the only damages shown were in the $100.00

amount deposited by the Commission, so it awarded that amount to the Reeds. The Reeds responded that they would appeal, and the hearing ended.

Following the March 8 hearing, the Reeds prepared the trial court's precedent which the trial court signed and entered on May 20, 1999. The Reeds appealed from that judgment on June 2, 1999. However, the Commission discovered the May 20 order contained errors, and it filed a motion pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure to correct the May 20 judgment. To protect its claim on cross-appeal, the Commission, on June 7, 1999, filed its notice of appeal from the May 20 judgment.

Upon reviewing its May 20 order, the trial court found numerous errors. The order contained seven findings that mistakenly related that the Commission, as plaintiff, was granted a directed verdict on points such as the value of the construction easement and the Reeds' inverse condemnation claim. The judgment was significantly erroneous, by stating (1) that the Reeds had been prohibited from testifying about their knowledge of rental values in the area as those values related to damages resulting from the Commission's temporary easement, and (2) that the trial court permitted the introduction of Mr. Weaver's appraisal as a joint exhibit. The trial court corrected the foregoing errors by entering a new judgment on June 15, 1999. Neither the Reeds nor the Commission filed an appeal from the June 15 corrected judgment.

On appeal, the Reeds seek to reverse the trial court's May 20 judgment, arguing the trial court erred by excluding their market value evidence and by holding they had no inverse condemnation claim. The Commission, on the other hand, submits that, in the event this case is reversed on appeal, the trial court erred in the May 20 judgment by purporting to admit Weaver's appraisal report. We are unable to reach the merits of this case because the parties appealed from the wrong judgment.

■ The central issue here is the effectiveness of the notices of appeal and cross-appeal which were filed after the entry of the trial court's original May 20 judgment but prior to the trial court's correction of its judgment pursuant to Rule 60. Although neither party raises the issue, the question of whether an order is final and subject to appeal is a jurisdictional question which the Court will

raise *sua sponte*. *Arkansas Savings & Loan Association v. Corning Savings & Loan Ass'n*, 252 Ark. 264, 478 S.W.2d 431 (1972); *J. W. Reynolds Lumber Co. v. Smackover State Bank*, 310 Ark. 342, 836 S.W.2d 853 (1992). It is not only the power but the duty of a court to determine whether it has jurisdiction of the subject matter. *Id.* The parties to an action may not confer subject matter jurisdiction on the court, *McCraw v. Simpson*, 203 Ark. 763, 158 S.W.2d 655 (1942). *See, also, Arkansas Dept. Of Human Serv. v. Estate of Hogan*, 314 Ark. 19, 858 S.W.2d 105 (1993).

■■ For an order to be final, it must dismiss the parties from the trial court, discharge them from the action, or conclude their rights to the subject matter in controversy. *See Roberts Enterprises, Inc. v. Arkansas State Hwy. Comm'n*, 277 Ark. 25, 638 S.W.2d 75 (1982); *Cigna Ins. Co. v. Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988). An order must be of such a nature as to not only decide the rights of the parties, but also to put the court's directive into execution, ending the litigation or a separable part of it. *See Kilgore v. Viner*, 293 Ark. 187, 736 S.W.2d 1 (1987); *Kelly v. Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992). Here, the May 20 order, from which the Reeds and the Commission appealed, was set aside and corrected by the court's subsequent judgment of June 15, 1999, entered pursuant to Ark. R. Civ. P. 60(b). The appeal and cross-appeal from the order entered on May 20 are ineffective because both were filed prematurely. Because the notice of appeal was ineffective, the appellate court is without authority to accept jurisdiction.

Appeal and cross-appeal dismissed.