Kenneth LEE and Sandy Lee *v.* Julia KONKEL-SWAIM

CA 99-1191                                        43 S.W.3d 767

Court of Appeals of Arkansas
Division III
Opinion delivered May 9, 2001
[Petition for rehearing denied June 13, 2001.]

*Jon R. Sanford,* for appellants.

*Eddy & Kelley, P.A.,* by: *David L. Eddy* and *Roy Beth Kelley,* for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellants, Kenneth Lee and Sandy Lee, and appellee, Julia Konkel-Swaim, are involved in an acrimonious property dispute, asserting several claims and counterclaims against each other. Procedural rules prevent us from reaching the merits of this appeal, and we therefore dismiss.

On June 28, 1999, the chancellor entered an order that resolved some, but not all, of the issues that had been raised by the parties. This order did not contain a Rule 54(b) certification. On July 13, 1999, appellants filed a motion for clarification, asking the court to respond to their petition for declaratory judgment. On July 15, 1999, appellee filed a motion to amend the June 28, 1999, decree. On July 26, 1999, appellants filed their notice of appeal with respect to the June 28, 1999, order. On August 13, 1999, the chancellor heard the two posttrial motions, and entered his order with respect to both on September 30, 1999. The July 26, 1999, notice of appeal was not amended to include the September 30, 1999, order.

■ An order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Norman v. Norman,* 342 Ark. 493, 30 S.W.3d 83 (2000). For an order to be final, it must dismiss the parties from the trial court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Reed v. Arkansas State Highway Comm'n,* 341 Ark. 470, 17 S.W.3d 488 (2000). An order must be of such a nature as to not only decide the rights of the parties, but also to put the court's directive into execution, ending the litigation or a separable part of it. *Id.*

■ Here, the June 28, 1999, order was not final, as evidenced in part by the fact that appellants filed their July 13, 1999, motion, asking the court to rule on their earlier petition for declaratory judgment, and neither did the trial judge make a Rule 54(b) certification. Consequently, the order does not satisfy Rule 2 of the Arkansas Rules of Appellate Procedure—Civil, and we must dismiss the appeal with respect to it.

■ Furthermore, although the September 30, 1999, order seems to have resolved all of the issues and although appellants refer

to it in their brief as one from which they are appealing, there is no notice of appeal from that order, and neither was the July 26, 1999, notice of appeal amended to include it. The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Ives Trucking Co. v. Pro Transp.*, 341 Ark. 735, 19 S.W.3d 600 (2000).

Rule 4(b) of the Arkansas Rules of Appellate Procedure—Civil provides in pertinent part:

(1) Upon timely filing in the trial court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), or a motion for a new trial under Rule 59(a), the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

(2) *A notice of appeal filed before disposition of any of the motions listed in paragraph (1) of this subdivision shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment, decree, or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with Rule 3(e).* No additional fees will be required for filing an amended notice of appeal.

(Emphasis added.) It is not necessary for us to determine whether the two posttrial motions that were filed in this case qualified as any of those designated in subsection (b)(1) of Rule 4; and neither is it necessary for us to determine if those motions were timely filed because in order to appeal from the September order that dealt with those motions, it was necessary either to amend the previously filed notice of appeal or to file a new notice. This was not done.

Consequently, the only notice of appeal was filed on July 26, 1999, and appealed from the order of June 28, 1999, which is not final and appealable. Moreover, with respect to the September 30, 1999, order that disposes of the post-trial motions, the July

notice of appeal was not amended and neither was a new notice of appeal filed. We, therefore, dismiss this appeal.

Dismissed.

PITTMAN and ROAF, JJ., agree.