Vassie GILBERT *v.* Damarcus MOORE

05-65                                                      216 S.W.3d 583

Supreme Court of Arkansas
Opinion delivered November 10, 2005
[Rehearing denied December 8, 2005.]

*William C. Plouffe, Jr.*, for appellant.

*James B. Bennett*, for appellee.

DONALD L. CORBIN, Justice. Appellant Vassie Gilbert appeals the order of the Union County Circuit Court

granting temporary custody of her five-year-old son to the child's biological father, Appellee Damarcus Moore. For reversal, Appellant argues that the trial court lacked jurisdiction to hear Appellee's petition for custody because he had not been previously established as the child's father. She argues that under Ark. Code Ann. § 9-10-113(b) (Supp. 2005), Appellee lacked standing to petition for custody prior to a judicial determination of paternity. This issue is one of first impression; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We cannot reach the merits of this issue, however, because the order appealed from is not final. We thus dismiss the appeal.

The record in this case reflects that on November 19, 2004, the trial court entered an emergency *ex parte* order granting temporary custody to Appellee. The order set a hearing date for November 23. During the hearing, the trial court heard testimony from both Appellee and Appellant, as well as several other witnesses. At the hearing's conclusion, the trial court ruled from the bench that Appellee was established to be the biological father of the child. It then ordered that custody of the child continue with Appellee, pursuant to the *ex parte* order, and that Appellant be granted weekend visitation. However, the trial court made it clear that the award was merely temporary until the case could be heard on the merits:

> I signed an Ex Parte Order a few days ago which placed the temporary custody in the Plaintiff, the father. I really don't know where this child is better off long term. I guess that's something that is going to have to be resolved at a later date. I presume both of these parties want long term custody of this child. I may or may not be right about that. In the meantime I'm going to leave the Ex Parte Order in effect; however, the child shall spend each weekend with his mother beginning 6:00 p.m. on Friday and ending on 6:00 p.m. on Sunday. *And when counsel and the parties are ready for this case to be heard in its entirety on its merits thoroughly* by myself or somebody, probably somebody else, and hopefully make the right decision on where this child should grow up, then that's what will happen. [Emphasis added.]

The trial court then instructed Appellee's attorney that the order should reflect that "on a temporary basis the child should stay with the father during the week and the mother during the weekends *until this case can be resolved on its merits.*" (Emphasis added.)

A written order was entered on December 17, 2004. The order is styled as temporary and provides that the *ex parte* order is to remain in effect, placing custody of the child with Appellee "at this time."

■■ Although neither party has raised the issue on appeal, the question whether an order is final and therefore subject to appeal is a jurisdictional one that this court will raise on its own. *See Cockrum v. Fox*, 359 Ark. 508, 199 S.W.3d 69 (2004); *Farrell v. Farrell*, 359 Ark. 1, 193 S.W.3d 734 (2004). Final orders of custody are specifically appealable under Ark. R. App. P.–Civ. 2(d). Whether a custody order is final or temporary is not dependent upon the style of the order. Indeed, both this court and our court of appeals have consistently held that custody orders styled as temporary may be nonetheless final for purposes of appeal if the issue of custody was decided on the merits and the parties have completed their proof. *See Sandlin v. Sandlin*, 290 Ark. 366, 719 S.W.2d 433 (1986); *Chancellor v. Chancellor*, 282 Ark. 227, 667 S.W.2d 950 (1984); *Jones v. Jones*, 41 Ark. App. 146, 852 S.W.2d 325 (1993).

■ We conclude that the order appealed from in this case is not' a final custody order. The order is not only styled as temporary, it plainly provides that custody is to remain with Appellee "at this time." This language coupled with the trial court's remarks from the bench demonstrate that the issue of custody has yet to be determined on its merits and that the parties have not completed their proof on the issue. Accordingly, the order appealed from is not final under Rule 2(d), and we must dismiss the appeal.