2009 Ark. 485

**ARKANSAS DEPARTMENT OF HUMAN SERVICES,** Appellant,

v.

**Tammy DENMON, Appellee.**

**No. 09–479.**

Supreme Court of Arkansas.

Oct. 8, 2009.

---

Gray Allen Turner, Office of Chief Counsel, for appellant.

Deborah R. Sallings, Arkansas Public Defender Commission, Little Rock, for appellee.

ELANA CUNNINGHAM WILLS, Justice.

Arkansas Department of Human Services (DHS) appeals from a permanency-planning order entered by the Grant County Circuit Court. We accepted certification of this case from the court of appeals because DHS seeks an extraordinary writ as an alternative to reversal. See Ark. Sup.Ct. R. 1–2(a)(3) (2009).

On September 13, 2007, the Grant County Circuit Court granted emergency custody of appellee Tammy Denmon's three children to DHS based on allegations of neglect. The circuit court entered a permanency-planning order on September 25, 2008, stating that returning the children to Denmon's custody was contrary to their welfare, and that it was in the best interest of the children to remain in the custody of their aunt, Hulda Stephenson. Additionally, the circuit court stated that reunification of the children and Denmon continued as the "goal of the case" due to Denmon's compliance with the case plan and court orders, and because she made "significant measurable progress toward achieving the goals established in the case plan."

DHS submitted a February 4, 2009 report to the circuit court that recommended termination of Denmon's parental rights and granting Stephenson permanent custody of the children, based, in part, on Denmon's failure to demonstrate "the mental ability to care for herself or her children" and other behavioral issues. On February 11, 2009, the circuit court held a permanency-planning hearing, rejecting DHS's recommendation to terminate Denmon's parental rights, stating as follows:

We leave this permanency planning hearing with [DHS's] position to terminate parental rights. The children need stability but I'm not willing to give up on the mother at this point. If I was to do that, [DHS] would cut all the services off. We've been over a year in this case and haven't got to the point we need to be, I don't think that's all Ms. Denmon's fault.... I want to give her the opportunity to get her children back. But I've got to have some permanency in these children's lives. I'm going to permanently place custody with Ms. Stephenson. The children need to be stable. But I'm not giving up on the mother's position to work with Timber Ridge [Ranch Neurological Center] and try to get her cognitive skills back together after the stroke to try to get her to where she can take care of the children. I want the kids to be and know they're safe. I'm not giving up on you.... I'm going to order that she be placed in Timber Ridge. I want [DHS] to get that set up, get her placed. I want the evaluations done. I want to review this case in 60 days.

The circuit court continued to state that

I'm not going to do a guardianship, I'm just going to leave the children permanently with her right now with the option to go back and revisit after we get through what I deem to be the final test of whether Ms. Denmon's cognitive skills are going to work. And I know that's probably against the law, but that's fine. Because I'm, sitting here and I am the law and I don't think that you're going to appeal it.

DHS objected to the circuit court's order for DHS to specifically place Denmon at the Timber Ridge Ranch facility for family services; however, DHS did not otherwise object to the ruling.

On February 26, 2009, the circuit court entered a "Fifteen Month Permanency Planning Order," stating that

> [t]he juveniles are placed in the permanent custody of Hulda Stephenson because the juveniles are in need of permanency. However, the Court is not willing to give up on the mother and thus, the goal of reunification shall continue.

DHS filed a notice of appeal on February 27, 2009. The same day, DHS also filed separate motions to stay and modify the February 26, 2009 order. In its brief in support of the motion to stay, DHS stated that it did "not seek a stay of any child custody dispositions," but only that portion of the order directing DHS to place Denmon at Timber Ridge Ranch. In its motion to modify the circuit court's order, DHS made three requests: (1) to modify the portion of the order that required DHS to specifically place Denmon at Timber Ridge Ranch because of a lack of jurisdiction; (2) to clarify "whether the goal of the case is to be permanent custody with Hulda Stephenson, or reunification with family services," because the order's stated goals were incompatible; (3) failing modification of the order, to certify the February 26, 2009 order as final under Ark. R. Civ. P. 54(b). The circuit court did not enter an order ruling on DHS's motions within thirty days, thus they were deemed denied. *See* Ark. R. Civ. P. 59(b).

DHS brings two points on appeal. First, DHS argues that the circuit court's February 26, 2009 order is clearly erroneous, because Ark.Code Ann. § 9–27–338(c) requires a court to enter only one permanency goal for a dependent-neglected juvenile, and here, the circuit court entered concurrent, conflicting goals of permanent custody and reunification. Second, DHS argues that the circuit court clearly erred as a matter of law by ordering DHS to specifically place Denmon at the Timber Ridge Ranch facility. However, before we can address the merits of these arguments, we must determine whether there is a final, appealable order in this case. *See Gilbert v. Moore,* 364 Ark. 127, 216 S.W.3d 583 (2005).

Citing Ark. R.App. P.-Civ. 2(d) and our decision in *West v. Arkansas Department of Human Services,* 373 Ark. 100, 281 S.W.3d 733 (2008), DHS asserts that the circuit court's February 26, 2009 order is final and appealable because it granted permanent custody to Stephenson. Civil Appellate Rule 2(d) states that "[a]ll final orders awarding custody are final appealable orders." In *West* we accepted a certified question from the court of appeals involving the issue of whether a permanency-planning order awarding permanent custody of two of the four children involved in the case was final and appealable. Specifically, we addressed a potential conflict between Civil Appellate Rule 2(d) and Ark. Sup.Ct. R. 6–9, which lists orders that may be appealed from in dependency-neglect cases. Rule 6–9(a)(1)(B) provides that a "permanency planning order" is appealable in accordance with Ark. R. Civ. P. 54(b). Although Rule 6–9 does not specifically list a permanent custody order as appealable, we held that the order granting permanent custody in *West* was a final, appealable order because

> there is no direct conflict between Rule 2(d) and Rule 6–9, as Rule 6–9 does not state that permanent custody orders are not final appealable orders or that a Rule 54(b) certificate is necessary for a permanent custody order relative to one child to be appealable. Rule 2(d), on the other hand, specifically states that custody orders are final, appealable orders.

*West,* 373 Ark. at 104, 281 S.W.3d at 733.

Here, the circuit court specifically stated in its February 26, 2009 order that Denmon's children "are placed in the permanent custody of Hulda Stephenson be-

cause the juveniles are in need of permanency." "However," the order stated, "the [c]ourt is not willing to give up on the mother and thus, the goal of reunification shall continue." The language in the order mirrors the circuit court's statements from the bench at the February 11, 2009 hearing, quoted above.

This court stated in *Gilbert, supra,* that the question of "[w]hether a custody order is final or temporary is not dependent upon the style of the order." 364 Ark. at 129, 216 S.W.3d at 584. In that case, a mother appealed from an order granting temporary custody to her child's biological father. We held that the order was not a final, appealable order because, in addition to the fact that the order was styled as temporary, it also stated that the child was to remain with the biological father "at this time." *Id.* at 129, 216 S.W.3d at 585. We stated that "language coupled with the trial court's remarks from the bench demonstrate that the issue of custody has yet to be determined on its merits and that the parties have not completed their proof on the issue." *Id.* Similarly here, although the February 26, 2009 order stated that it granted permanent custody of Denmon's children to Stephenson, the order also stated that the goal of the case—reunification—"shall continue." Additionally, as noted above, the trial court stated at the February 11, 2009 hearing that

I'm not going to do a guardianship, I'm just going to leave the children permanently with her right now with the option to go back and revisit after we get through what I deem to be the final test of whether Ms. Denmon's cognitive skills are going to work.

Statements such as these, coupled with the language in the order regarding reunification, indicate that the trial court granted temporary custody to Stephenson. Accordingly, we hold that the February 26,

2009 permanency-planning order is not a final, appealable order absent Rule 54(b) certification.

Although we hold that there is not a final, appealable order in this case, DHS alternatively requests that this court treat its second point on appeal—that the circuit court erred in ordering DHS to provide family services to Denmon by placing her in the Timber Ridge Ranch facility—as a petition for extraordinary relief in the form of a writ of prohibition or writ of certiorari.[1]

A writ of prohibition is not applicable in this case. It is well settled that a writ of prohibition is an extraordinary writ that is only appropriate when the lower court is wholly without jurisdiction. *Erin, Inc. v. White County Circuit Court,* 369 Ark. 265, 268, 253 S.W.3d 444, 446 (2007). In addition, the writ is appropriate only when no other remedy is available, such as an appeal. *Id.* at 268, 253 S.W.3d at 447. Prohibition is a proper remedy when the jurisdiction of the lower court depends upon a legal rather than a factual question. *Id.* Moreover, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Id.* Writs of prohibition are prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance. *Id.* They should issue only in cases of extreme necessity. *Id.*

This court has repeatedly stated that it will not issue a writ of prohibition for something that has already been done. *Allen v. Circuit Court of Pulaski County, Ninth Div.,* 2009 Ark. 167, at 10, 303 S.W.3d 70, 76 (citing *Holmes v. Lessenberry,* 297 Ark. 23, 759 S.W.2d 37 (1988) (per curiam)). Here, the circuit court has ordered DHS to place Denmon at Timber Ridge Ranch. Further, DHS's

---

1. DHS argues for extraordinary relief solely    in reference to its second point on appeal.

motions to stay and modify the circuit court's February 26, 2009 order were deemed denied. Accordingly, relief in the form of a writ of prohibition does not lie. *See id.*

A writ of certiorari is extraordinary relief that this court will grant only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Cato v. Craighead County Circuit Court,* 2009 Ark. 334, 322 S.W.3d 484. In determining its application, the court will not look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of fact, or to reverse a trial court's discretionary authority. *Id.* A writ of certiorari lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy. *Id.* As the court stated in *Lenser v. McGowan,* 358 Ark. 423, 427, 191 S.W.3d 506, 508 (2004), a writ of certiorari is a remedy used to quash irregular proceedings.

Here, the circuit court's February 26, 2009 order states that "DHS is to place Tammy Denmon at Timber Ridge." Because we hold there is no final, appealable order in this case, no other adequate remedy exists for DHS regarding this ruling by the circuit court except the writ of certiorari. *See Jordan v. Circuit Court of Lee County,* 366 Ark. 326, 332, 235 S.W.3d 487, 492 (2006).

Although the requirement of the lack of another adequate remedy is met, as noted above, this court will only grant a writ of certiorari if (1) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or (2) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion. This court granted writs of certiorari in cases similar to the present

appeal in *Arkansas Department of Human Services v. Collier,* 351 Ark. 506, 95 S.W.3d 772 (2003) and *Juvenile H. v. Crabtree,* 310 Ark. 208, 833 S.W.2d 766 (1992). In *Collier,* the trial court determined that an unborn fetus was a dependent-neglected juvenile even though the Juvenile Code defined "juvenile" as a person from "birth to age 18." Additionally, the trial court ordered that DHS take custody of the unborn fetus to ensure that the mother received prenatal care and a doctor's examination. We granted the writ of certiorari, holding that the trial court "exceeded [its] statutory authority and that, as a consequence, [its] order placing the fetus in the custody of DHS and requiring that department to render prenatal care constituted a plain, manifest, clear, and gross abuse of discretion." 351 Ark. at 523, 95 S.W.3d at 782. In *Crabtree,* the trial court ordered that a pregnant mother be placed in DHS's custody and barred her from terminating the pregnancy without a court order. This court granted a writ of certiorari, holding that, because there was no legal authority to support the trial court's order, the trial court had exceeded its jurisdiction and its order was erroneous on its face.

In dependency-neglect cases, a court may order DHS to provide family services. Ark.Code Ann. § 9–27–334(a)(1). However, "the court shall not specify a particular provider for placement or family services if [DHS] is the payor or provider." Ark. Code Ann. § 9–27–335(b).[9] The circuit court's February 26, 2009 order directing DHS to place Denmon at Timber Ridge Ranch clearly violates the plain language of § 9–27–335(b); therefore, the order is erroneous on its face. Further, although a court can order DHS to make family services available, its custodial jurisdiction is limited to juveniles. *See Collier, supra.* Accordingly, we grant the writ of certiorari.

Writ of prohibition denied; writ of certiorari granted; appeal dismissed.