SLIP OPINION

Cite as 2015 Ark. App. 196

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-868

| | |
|---|---|
| TOMMY G. STROTHER<br>APPELLANT | **Opinion Delivered** March 18, 2015 |
| V. | APPEAL FROM THE<br>MONTGOMERY COUNTY<br>CIRCUIT COURT<br>[NO. DR-13-8] |
| SAMANTHA N. STROTHER<br>APPELLEE | HONORABLE J.W. LOONEY, JUDGE<br><br>APPEAL DISMISSED |

## PHILLIP T. WHITEAKER, Judge

Tommy Strother appeals a divorce decree entered by the Montgomery County Circuit Court, challenging the court's award of custody of the parties' two children. Samantha has filed a motion to dismiss Tommy's appeal. Because the decree does not contain a final award of custody, we grant Samantha's motion and dismiss Tommy's appeal.

Tommy and Samantha were married in 2001 and had two children. Samantha filed for divorce in 2013 and asked that the court grant the parties joint legal custody of the children, with her having primary physical custody. At that time, Samantha did not seek child support. The circuit court initially entered a decree of separate maintenance; however, Samantha subsequently filed a new complaint for divorce in which she asked for child support. After a short hearing in October 2013, the circuit court appointed an attorney ad litem for the children. Several months later, in March 2014, the court held a hearing on the

divorce and custody issues. Shortly thereafter, the court issued a letter opinion in which it found that Tommy and Samantha should have joint legal custody of the children, although Samantha should have primary physical custody. The court also set out a visitation schedule, established child support, and divided certain marital assets.

The court entered a final divorce decree on July 3, 2014, nunc pro tunc to October 11, 2013. In the decree, the court again found that Tommy and Samantha should have joint legal custody, with Samantha having primary physical custody and Tommy having a set visitation schedule. The court also ordered Tommy to pay Samantha $354 per week in child support and found that his thrift-savings plan was marital property, with "the amount of [Samantha's] one-half interest [to] be determined by a future order of this court." In addition, the decree divided certain marital property. With respect to custody issues, the court added the following final paragraph:

> [T]his court finds that the aforesaid orders of this court in regards custody and other issues concerning the aforesaid two (2) minor children are temporary in nature; that an attorney ad litem will be appointed to represent the aforesaid two (2) minor children; that Defendant shall be solely responsible for payment of all attorney fees and expenses which will [be] owed to the attorney ad litem; and that issues concerning permanent orders in regard [to] custody and other issues concerning the aforesaid two (2) minor children will be determined in the future by agreement of the parties or by order of the court.

Tommy filed a timely notice of appeal.

Samantha has filed a motion to dismiss Tommy's appeal and to stay the briefing schedule. Citing Arkansas Rule of Appellate Procedure–Civil 2(a), Samantha notes that the appellate courts only review final orders. More specifically, Arkansas Rule of Appellate Procedure–Civil 2(d) provides that *final* orders of custody are appealable orders. (Emphasis

added.) *See also Gilbert v. Moore*, 364 Ark. 127, 216 S.W.3d 583 (2005). In *Gilbert*, the supreme court dismissed an appeal from a child-custody order where the order was styled as a temporary order and placed custody of the child with his father "at this time." *Id*. at 129, 216 S.W.3d at 584.

Similarly, in the instant case, as set out above, the order specifically states that issues of custody "are temporary in nature" and that "issues concerning permanent orders in regard [to] custody . . . will be determined in the future." We therefore agree with Samantha that the custody order entered in this case is not a final order that can be appealed pursuant to Rule 2(d), and we dismiss Tommy's appeal.

Appeal dismissed.

GRUBER and BROWN, JJ., agree.

*Orwin W. Foster*, for appellant.

*Bob Keeter*, for appellee.