Cite as 2019 Ark. App. 537

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-19-501

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** November 13, 2019 |
| DESHAWN M. BEARD | | APPEAL FROM THE PULASKI |
| | APPELLANT | COUNTY CIRCUIT COURT, |
| | | THIRD DIVISION |
| | | [NO. 60DR-17-3481] |
| V. | | |
| | | HONORABLE CATHLEEN V. |
| | | COMPTON, JUDGE |
| JALEN M. BEARD | | |
| | APPELLEE | DISMISSED |

## LARRY D. VAUGHT, Judge

DeShawn Beard appeals a divorce decree entered by the Pulaski County Circuit Court that awarded DeShawn and her ex-husband, Jalen Beard, joint custody of their two-year-old son, JB. On appeal, DeShawn argues that the court erred by awarding joint custody after acknowledging that Jalen has a history of domestic violence and that the parties could not productively communicate. Because DeShawn is appealing from a nonfinal order, we lack jurisdiction to reach the merits of her arguments and must dismiss her appeal.

DeShawn and Jalen were married on August 10, 2015. They separated in December 2015 while DeShawn was pregnant with their only child. DeShawn gave birth to JB on May 20, 2016. He was born prematurely at twenty-six-weeks' gestation. At the time of the hearing giving rise to this appeal, he was two years old. JB suffers from developmental delays and physical limitations related to his prematurity.

After several attempts to reconcile and subsequent breakups, DeShawn and Jalen separated for the final time in September 2017. Jalen filed for legal separation and joint custody, and on February 28, 2018, the court entered an agreed order of separation that provided for joint custody. On April 19, DeShawn filed a pro se motion to modify that agreed order, and on September 27, 2018, she filed a counterclaim for divorce. Jalen amended his complaint to also request a divorce, and the matter proceeded to a hearing on February 7, 2019.

At the hearing, both parties testified, as did Jalen's mother and stepfather, and two witnesses testified on behalf of DeShawn. The parties did not dispute that Jalen has a history of domestic violence against DeShawn. Jalen admitted assaulting DeShawn on two occasions, and DeShawn testified to a third physical attack that caused their final separation. She also described an incident when he broke her door frame while attempting to kick in her door. The court also heard testimony about several threats Jalen had made on social media about DeShawn.

There was ample evidence that the parties cannot productively communicate. Both parties and several other witnesses testified that DeShawn and Jalen have a very tumultuous relationship and that they could not get along. The record reveals that Jalen and DeShawn ceased having any sort of direct contact approximately six months prior to the hearing. They were able to communicate with each other only through Jalen's parents and other intermediaries.

The court entered a divorce decree on February 22, 2019. In that decree, the court granted the parties joint custody of JB and continued the same visitation schedule as set out

in the order of separation. In its decree, the court ordered Jalen to successfully complete an anger-management course and attend Alcoholics Anonymous meetings, and it ordered Jalen to submit proof of compliance with those mandates. It further ordered the parties to start communicating with each other, and it ordered Jalen to take primary responsibility for parenting JB during his visitation time with the child. This was because Jalen had previously relied heavily on his parents to provide care for JB. Finally, the order stated that Jalen's violence and threats toward DeShawn must stop. The divorce decree set a "Review Hearing" for December 4, 2019.

DeShawn now brings this appeal challenging the circuit court's award of joint custody. Unfortunately, we lack jurisdiction to address the merits of DeShawn's arguments because she is appealing from a nonfinal order. Although neither party raises the issue, the question of whether an order is final and subject to appeal is a jurisdictional question that appellate courts have a duty to raise sua sponte. *Reed v. Ark. State Highway Comm'n*, 341 Ark. 470, 472–73, 17 S.W.3d 488, 490 (2000).

In *Gilbert v. Moore*, the Arkansas Supreme Court dealt with the finality of an order awarding custody of a child, and it explained that Rule 2(d) of the Arkansas Rules of Appellate Procedure–Civil allows for the appeal of a "final custody order" but that appellate courts must determine finality based on whether "the issue of custody was decided on the merits and the parties have completed their proof." 364 Ark. 127, 129, 216 S.W.3d 583, 585 (2005). In subsequent cases, the Arkansas Supreme Court and the Arkansas Court of Appeals have both applied this test, focusing on whether the order being appealed fully decided the issue of

3

custody on its merits or contemplated the introduction of further proof. *See Ark. Dep't of Human Servs. v. Denmon*, 2009 Ark. 485, 346 S.W.3d 283.

Here, the divorce decree awarding joint custody clearly anticipates additional proof and a follow-up hearing. The court specifically ordered Jalen to "provide written proof" of his completion of an anger-management course and his attendance at Alcoholics Anonymous meetings. It further ordered the parties to make certain specified changes to how they communicate with each other and parent JB. The court then specifically set a "Review Hearing," which we understand to be an opportunity for the court to assess whether the parties have complied with these requirements. This procedure is in conflict with the well-established precedent that a party seeking to modify custody has the burden of showing a material change in circumstances. *Rice v. Rice*, 2016 Ark. App. 575, at 5, 508 S.W.3d 80, 84. Here, the divorce decree explicitly requires the parties to change their current circumstances and appears to make its joint-custody award conditional on proof of those changes. As such, the court's divorce decree is not a final award of custody because it depends on proof yet to be introduced.

Dismissed.

GRUBER, C.J., and WHITEAKER, J., agree.

*Jason D. Files*, for appellant.

*David W. Kamps, P.A.*, by: *David W. Kamps*, for appellee.

4