Cite as 2020 Ark. App. 151

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-19-779

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF THE PERSONS OF K.Y. AND R.Z.S., MINORS | Opinion Delivered: March 4, 2020 |
| ROLANDO CEDILLO<br><br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60PR-18-1052] |
| V. | |
| EMMA TURNER<br><br>APPELLEE | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| | DISMISSED WITHOUT PREJUDICE |

## RITA W. GRUBER, Chief Judge

In this one-brief appeal, appellant Rolando Cedillo appeals from an order of the Pulaski County Circuit Court ordering him to pay child support to appellee Emma Turner, the temporary guardian of his child, KY. He contends that the circuit court erred in ordering him to pay child support because it lacked jurisdiction to permit Turner to remain as temporary guardian beyond 180 days. We dismiss for lack of a final order.

This case began when Turner filed a guardianship petition on May 24, 2018, seeking to be appointed as guardian of KY (born 07/23/2007) and RZS (born 08/14/2012).[1] Turner alleged that KY came to live with her on August 25, 2017, and had been in her care since then because KY's mother, Whitney Young, had been "in and out of

___

[1]This appeal involves only KY.

jail and addicted to drugs during this time."[2] The petition also alleged that KY's father was unknown. Following a hearing, the circuit court appointed Turner as temporary guardian on May 30 until an August 29 hearing on permanent guardianship.

An August 29 order provided that Turner remain as temporary guardian until a permanent-guardianship hearing on November 20; Cedillo was served with the order on September 18. Following the November 20 hearing, the circuit court ordered Turner to continue as guardian until a January 17, 2019 hearing on permanent guardianship.

On January 15, Cedillo filed a motion for continuance. The circuit court held a hearing on January 17 and ordered that Turner serve as temporary guardian until a permanent-guardianship hearing on April 15. An attorney ad litem was appointed on January 29.

Cedillo filed an objection to Turner's guardianship of KY on February 7 wherein he requested custody. He alleged that he is KY's father; he had signed an acknowledgement of paternity;[3] he had suffered from an aneurysm and an assault and battery while working in Florida when KY came into Turner's care; he had "severe health complications throughout" 2018 that required brain surgery; and he had recovered and returned to Arkansas.

---

[2]Although not in the addendum, there are two temporary-guardianship agreements in the record. One dated August 8, 2017, wherein Young granted temporary guardianship of KY to Randy Turner, Emma Turner's husband. Another dated April 10, 2018, wherein Young granted temporary guardianship of KY and RZS to Emma Turner.

[3]The alleged acknowledgement of paternity is not contained in the record on appeal.

Young requested a motion for continuance on March 13 because she was serving a ninety-day jail sentence. On April 5, Cedillo filed a motion for continuance stating that he joined Young's request.

Tonya Choate, maternal grandmother of KY and RZS, filed a motion to intervene on May 6, along with a petition for emergency guardianship. Cedillo filed a consent to joint guardianship of KY with Tonya Choate on May 6.

The circuit court granted both Young's and Cedillo's motions for continuance in a May 7 order, which provided that the final hearing be held no later than July 15. The order was dated "nunc pro tunc to April 15, 2019."

On May 9, 2019, Cedillo filed an objection to the original order of temporary guardianship filed May 30, 2018. He alleged that he was never served with the temporary guardianship order under Arkansas Code Annotated section 28-65-218(b)(2) (Repl. 2012); that Turner's petition for guardianship falsely stated KY's father was unknown; and that the earliest date he was served was September 18, 2018, when he received the "first extended temporary order for guardianship dated August 29, 2018."

Following a May 29, 2019 hearing, the court entered a May 31 order, which set a final hearing for July 10 and provided in part:

> At yesterday's hearing, we offered the following dates for a final hearing when we all believed it would be a one-day trial: June 10th, July 2nd, July 3rd, and July 5th. At least two of the lawyers involved had conflicts on those dates. With the number of parties involved in this matter and the time required to properly present each of their cases; it may be a while before a full hearing can occur. Because of this, and based on the best interests of these children, the temporary guardianship of Emma Turner shall remain in full force and effect until a proper hearing can occur.

The children are doing well where they are. I am exercising my inherent power to do whatever I deem to be in the children's best interests, and based on the evidence currently before the Court, their best interests will be best served by having the temporary guardianship remain in effect until all issues have been fully and properly tried to conclusion. I understand that this may frustrate some of the parties and some of their counsel. This is not a case that should be rushed.

On June 5, Turner filed a motion asking the court to set child support and to make it retroactive to the date the children came into her care. Cedillo filed a response asking that the petition for child support be denied and raising numerous arguments, which included challenges to the temporary guardianship.

On June 21, Cedillo withdrew his joint petition for joint guardianship with Choate and renewed his petition for custody of KY. Cedillo filed a motion for continuance on July 8 asking the court to continue the hearing set for July 10.

A hearing was held on July 10 "for review and for discussion of outstanding motions." In an order entered July 11, the court found that Young and Cedillo had an obligation to pay child support to Turner. The court ordered both to submit affidavits of financial means and for Turner's lawyer to draft an order setting support. A separate order was also entered on July 11 as a result of the July 10 hearing, which granted Cedillo's second motion for continuance and set the hearing for permanent guardianship on November 13, 2019. The order also provided:

> 7. All rulings set out in my May 29, 2019 Order not specifically modified by this Order shall remain in full force and effect.

> 8. Although there have been multiple hearings in this matter, no evidence has been submitted to indicate that either Ms. Young, Mr. Cedillo, or Mr. Smith has regained fitness to parent the children. Because the status quo shall remain in

4

effect until the permanent guardianship hearing on November 13, 2019, the Circuit Clerk shall issue letters of guardianship to Ms. Turner until that date.

On August 1, 2019, the circuit court entered a child-support order directing Cedillo to pay $90 per week based on his average net weekly income of $400. The circuit court reserved ruling on Turner's request for retroactive support. Cedillo filed a timely notice of appeal from the August 1 order.[4] The notice of appeal designated only the written record of pleadings and documents.

Cedillo brings this appeal challenging the circuit court's award of child support to Turner. However, we lack jurisdiction to address the merits of Cedillo's arguments because he appeals from a nonfinal order. Whether an order is final and subject to appeal is a jurisdictional question that appellate courts have a duty to raise sua sponte. *Reed v. Ark. State Highway Comm'n*, 341 Ark. 470, 472–73, 17 S.W.3d 488, 490 (2000).

For this court to have jurisdiction over an appeal, the order appealed must either be a final order or meet one of several exceptions under Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2019). A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Johnson v. Windstream Commc'ns, Inc.*, 2016 Ark. App. 419, at 2.

Rule 2(a)(12) of the Arkansas Rules of Appellate Procedure–Civil provides that under Arkansas Code Annotated section 28-1-116, all probate orders are appealable, except an order removing a fiduciary for failure to give a new bond or render an accounting

---

[4]Although Cedillo's arguments on appeal challenge the circuit court's authority to continue the guardianship, he did not appeal the order addressing the guardianship.

5

required by the court or an order appointing a special administrator. The order from which Cedillo appeals, however, is not a probate order. Rather, it is an order of child support.

Arkansas Code Annotated section 9-14-105(b) (Repl. 2015) sets forth who may file a petition to require the noncustodial parent or parent of a minor child to provide support to the minor child. Among them is "[a]ny other person or agency to whom physical custody of a minor child has been given or relinquished[.]" Ark. Code Ann. § 9-14-105(b)(2). Here, Turner, who had physical custody of KY, filed a motion to set support on June 5, 2019, asking the circuit court to set a support obligation for each of the parents and to make the obligation retroactive to the date on which each child came into Turner's care. The order setting support was entered on August 1, 2019, and provided that Cedillo was to pay $90 per week based on net income of $400 as reflected in his affidavit of financial means. However, the order reflects that the circuit court specifically reserved ruling on the retroactive application of Cedillo's support obligation for the final hearing.

Because the circuit court's order expressly reserved ruling on the claim of retroactive support, and there is no Rule 54(b) certification, the order from which Cedillo appeals is not a final order. *See Roach v. Roach*, 2019 Ark. App. 34, at 6, 571 S.W.3d 487, 490 (dismissing appeal without prejudice because the order contemplates further judicial action and there is no certificate complying with Ark. R. Civ. P. 54(b)).

Dismissed without prejudice.

VIRDEN and KLAPPENBACH, JJ., agree.

6

*Angela Galvis Schnuerle*, for appellant.

One brief only.